## BARTON vs. THE STATE.

1. CRIMINAL PLEADING: *Certainty requisite in an indictment.*

An indictment for larceny, describing the subject of the larceny as one hundred and thirty dollars, etc., without any specification as to the kind of money, is insufficient on demurrer, or motion in arrest of judgment.

2. — The provisions of the code, sec. 1975, Gantt's Dig., require that every material fact necessary to constitute an offense, be alleged in the indictment.

Barton vs. The State.

APPEAL from *Pulaski* Criminal Court.

Hon. CHARLES P. REDMOND, Judge of the Criminal Court.

*Dick Gantt*, for appellant.

*Hughes*, Attorney General, *contra*.

ENGLISH, C. J.   The appellant was indicted in the criminal court of Pulaski county, as follows:

"The grand jury of Pulaski county, in the name and by the authority of the state of Arkansas, accuse John Barton of the crime of larceny, committed as follows, viz.: The said John Barton, on the ninth day of July, A. D. 1872, in the county and state aforesaid, one hundred and thirty dollars, the property of Joseph Schaer, from the person of the said Joseph Schaer, then and there feloniously did take, steal and carry away, against the peace and dignity of the state of Arkansas."

The appellant entered a demurrer to the indictment, in short upon the record, which he subsequently withdrew, and pleaded not guilty. He was tried by a jury, found guilty, and moved in arrest of judgment, on the ground that the facts stated in the indictment did not constitute a public offense. The motion was overruled, and he was sentenced to the penitentiary.

The objection to the indictment is, that it does not specifically describe the money alleged to have been stolen. The appellant is charged with stealing "one hundred and thirty dollars," etc. Whether the subject of the larceny was coin, United States treasury notes, or bank notes, is not alleged. If the term "dollars" may be said to have a legal meaning, and to import the national coin (*Roane v. Green et al.*, 24 Ark., 210), we are left to conjecture what kind of coin the appellant was charged with stealing.

It is a loose attempt at a code indictment.

The code provides that, "The only ground upon which a judgment shall be arrested is, that the facts stated in the indictment do not constitute a public offense within the jurisdiction of the court ; and the court may arrest the judgment without motion on observing such defect." Gantt's Dig., sec. 1975.

What is the meaning of this section of the code? To charge a man with shooting at the moon would not be charging him with a public offense. To charge him with stealing in Texas would not be charging an offense within the jurisdiction of an Arkansas court. To charge a man with larceny merely would be charging him with a public offense by a technical name only. Is it in such instances or similar instances only, that the judgment may be arrested? We think not. Such could not have been the intention of the framers of the code. It requires certain material facts to make any public offense of whatever name, and these facts, well ascertained in law, and easily apprehended by ordinary intelligence, should be alleged in the indictment, whether framed under the code or under the common law.

Our code provisions in relation to indictments, arrest of judgment, etc., were taken from the Kentucky code. *Rhodus et al. v. Commonwealth*, 2 Duvall (Ky.), 159, was an indictment for the larceny of treasury notes, etc., and there was as in this case, a motion in arrest of judgment on a verdict of guilty. The court said :

" On the suject of indictments, our criminal code recognized and established the modern common law, rightly understood and rationally applied. It dispenses with form and requires substance only. And what is now substance at common law, is substance under the code — and that is every fact necessary to constitute the specific crime charged — alleged with only such precision as, 1st. To enable the court to see that,

admitting the facts, it has jurisdiction, and that the imputed crime has been committed by the accused. 2d. To enable the accused to understand the precise charge, and without surprise to prepare for defense against the proof which may be admissible to sustain that specific charge; and, 3d. To make the verdict and judgment certainly available as a bar to any subsequent prosecution for the the same criminal act."

In the case quoted from, the appellants were charged with stealing " one lot of treasury notes, called greenbacks, the issue of the treasury of the United States of America, and one lot of Kentucky bank notes, and fifteen dollars in gold coin."

This charge was more specific than the charge in the indictment now before us.

The court, after making the general remarks on the subject of indictments above quoted, said: "According to this test, the indictment in this case seems to us insufficient to authorize conviction.

" One lot of treasury notes, without any specification of denomination, number or value, is too indefinite for the identification of the thing taken, or of any part of it; and one lot of Kentucky bank notes, without even a specification of the bank, is still more indefinite.

" Neither of these charges sufficiently notified the accused of the facts to be proved; and a conviction on either of them might not be availably pleaded in bar of another indictment for the same offense. A minute description of all the treasury and bank notes might be impossible, and, therefore is not required. But a nearer approach to it than this indictment makes may be presumed to have been easy, and ought to be required. A specification of even one of the notes in each lot, so as to identify it, might be sufficient to answer the ends of the test just defined.

" Nor can fifteen dollars in gold coin, without any specification of the number of pieces, or of the character or identity of the coin, or of any portion of it, be deemed sufficient for all the purposes of the law."

In *The State v. Longbottom*, 11 Humph., 39, the accused was charged with stealing " ten dollars, good and lawful money of the state of Tennessee," and on conviction the judgment was arrested and the state appealed.

The supreme court of Tennessee said: "Where personal chattels are the subject of an offense, as in larceny, they must be described specifically by the names usually appropriated to them, and the number and value of each species or particular kind of goods stated (2 Hale, 182–3; Arch. Cr. Pl., 49). Money should be specified as so many pieces of the current gold or silver coin of the realm. And the species of coin must be stated by its appropriate name. Arch., 50." The court held that the subject of the larceny was insufficiently described, and that the judgment was properly arrested.

In *The People v. Ball*, 14 Cal., 101, the subject of the larceny was described as " three thousand dollars, lawful money of the United States." The court said : " This description is not sufficient. In an indictment for larceny, money should be described as so many pieces of the current gold or silver coin of the country; of a particular denomination according to the facts. The species of coin must be specified (Arch. Cr. Pl., 61; Whart. Cr. Law, 132)."

In *The State v. Murphy*, 6 Ala., 846, the subject of the larceny was thus described: "Sundry pieces of silver coin, made current by law, usage and custom within the state of Alabama, amounting together to the sum of five hundred and thirty dollars and fifteen cents, of the value," etc., and this was held to be insufficient.

In *McKane v. The State*, 11 Ind., 195, the accused was

Barton vs. The State.

charged with stealing "sixty dollars of the current gold coin of the United States," etc. The court recognized the general rule as to the description of coin when the subject of larceny, but said : "We have a piece of money of the gold coin called a dollar; and is it not just as intelligible to say 'sixty dollars of the gold coin,' as to say 'sixty pieces of gold coin called sixty dollars?' In our opinion the indictment is unobjectionable."

Mr. Bishop, commenting on this case, says : "If the expression 'sixty dollars of the current gold coin of the United States' really meant, as the court seem to have understood it, to mean, that the theft was of sixty distinct pieces of gold coin, each piece being of the value of a dollar, then the indictment was good according to the general doctrine."

But this Indiana indictment, it may be observed, is more specific in the description of the subject of the larceny than the one before us. "Sixty dollars of the current gold coin of the United States of the value of sixty dollars," is a much more definite description of money than "one hundred and thirty dollars, of the value of one hundred and thirty dollars."

We can find in no text book of precedents for indictments, as loose and vague a description of money when the subject of larceny, as in the indictment before us.

The judgment must be reversed, and the cause remanded to the Pulaski circuit court (to which the jurisdiction of the Pulaski criminal court is transferred by the new constitution), with instructions to the court to arrest the judgment, and hold the appellant subject to a new indictment.