## STATE OF ARKANSAS VS. HUNNICUT.

1. EMBEZZLEMENT: *Officer failing to pay over.*

A failure by an officer to pay over money found due from him upon settlement, is, without a good or satisfactory reason, evidence in proof of a conversion; but where there has been no conversion or misapplication of the money or funds, a failure to pay over is not of itself sufficient to constitute the offense of embezzlement by an officer.

APPEAL from *Saline* Circuit Court.

Hon. J. M. SMITH, Circuit Judge.

*Henderson, Attorney General,* for the State.

*Fletcher, contra.*

HARRISON, J.   Indictment for embezzlement.   The in-dictment charged that the defendant, having been county treasurer during the years 1875 and 1876, upon a settle-ment between himself as such treasurer and the county, made in the county court on the third day of January, 1877, was found to have in his hands $1,017, in state scrip, belonging to the common school fund of the county, and he was, by order of the court, required to pay the same over to his successor in office, on or before the fifteenth day of January, 1877; and that he had feloniously failed for more than thirty days to pay it over in obedience to said order.

The defendant demurred to the indictment, as not stating facts sufficient to constitute an offense.   The court sustained the demurrer, and the state appealed.

The defendant was not charged with a conversion, or a misapplication of the scrip; but only with having failed to pay it over.   A failure to pay over, where there has been no conversion or misapplication of the money or funds, is not of itself sufficient to constitute the offense of embez-zlement by an officer.

The statute upon the subject is as follows:

"Sec. 1371.   Every officer of the state, city, county or township, employed in the collection of the public rev-enue, or who may have any public funds in his hands, who shall convert the same to his own use, or otherwise misap-ply any part of the money or funds so collected by him, or which may have come to his possession by virtue of his employment, and every such officer who shall fail or omit to pay the amount found due from him upon settlement, shall, on conviction, be fined not less than $500 and be im-prisoned in the penitentiary not less than one nor more than five years."

Good reasons may exist for the failure of the officer to pay over; such as the loss of the money or funds by robbery or theft; their destruction by fire, and an honest controversy as to the correctness of the settlement, and the sum or amount which should be claimed from him.

The failure to pay over would, of course, without a good or satisfactory reason, be evidence in proof of a conversion.

The demurrer to the indictment was properly sustained.

The judgment is affirmed.