Sullivan v. The State.

---

### SULLIVAN v. THE STATE.

INDICTMENT: *Mother concealing death of her child.*

An indictment against a mother for concealing the death of her child, must allege that the child was a bastard.

APPEAL from *Independence* Circuit Court.
Hon. RICHARD H. POWELL, Circuit Judge.

*Henderson, Attorney General,* for the State:

Indictment contains all that is required by *sec.* 1275 *Gantt's Digest.*

Authorities in support of that construction: *Wharton* (3d ed.), *p.* 542; 43 *Ga.*, 3; 9 *Ga.*, 4; *Nichols on Adults— Bastardy P.*, 218.

ENGLISH, C. J. Indictment in the Independence circuit court, at the July term, 1880, as follows:

" The grand jury of Independence county, etc., etc., accuse Mary O. Sullivan of the crime of endeavoring privately to conceal the death of issue of her body, committed as follows, to wit: The said Mary O. Sullivan, on the twelfth day of May, 1880, in the county, etc., aforesaid, then and there being pregnant, gave birth to a child, which said child then and there died; and that the said Mary O. Sullivan then and there feloniously did endeavor privately to conceal the death of said child, that it might not come to light, by then and there feloniously and secretly depositing the corpse of said child in a well, against the peace," etc.

For the defendant, a demurrer to the indictment was entered in short upon the record by consent, which the court overruled.

Defendant was tried on plea of not guilty; the jury found her guilty, and fixed her punishment at imprisonment in the penitentiary for six months. A new trial was refused, bill of exceptions taken, judgment entered upon the verdict, and defendant prayed an appeal, which was allowed by one of the judges of this court.

The bill of exceptions does not show what evidence was introduced upon the trial. It sets out an instruction given for the state against the objection of defendant, and an instruction moved for defendant and refused by the court. In the absence of the evidence, whether the court erred in giving the one or in refusing the other, is not properly presented.

The only question properly presented on the record before us is, whether the court erred in overruling the demurrer to the indictment.

The demurrer was in short, but we suppose from the character of the instruction moved for defendant, and re-

fused by the court, that the objection taken to the indictment was that it did not allege that the child, the death of which defendant was charged with concealing, was a *bastard.*

The statute under which the indictment was drawn follows:

"If any woman shall endeavor privately, either by herself, or the procurement of others, to conceal the death of any issue of her body, male or female, that it may not come to light, although it can not be proved that it was murdered, every such mother shall suffer the same punishment as for manslaughter.

"Nothing in the last preceding section shall be so construed as to prevent such mother from being indicted for the murder of *such bastard child.*" *Gantt's Digest, secs. 1275-6.*

These two sections appear as above in the Revised Statutes, and in the subsequent digests, and literally correspond with the enrollment.

The words "*such bastard,*" as used in the second section, have no antecedent in the first section, the word *bastard* not occurring therein. But construing the sections together, and giving them both harmonious effect, the first section must be understood as if the word *bastard* were used in it; it must be supplied by intendment. In this country, there is rarely a motive for a mother to conceal the birth or death of a legitimate child. But mothers of bastard children are often tempted to conceal their births or deaths to hide their shame; and this is the mischief at which the American legislation has been aimed. *2 Wharton Am. Cr. L. (5th ed.), p. 219, secs. 1231, 1239.*

So construing our statute, the indictment should have alleged the child to have been a bastard, whose death the mother was charged with attempting to conceal. *Boyles v.*

*The Commonwealth, 2 Serg. & Rawles, 43; Douglass v. The Commonwealth, 8 Watts, 356; The State v. Love, 1 Bay, 167; The State v. Joiner, 4 Hawks. (N. C.), 354.*

The judgment must be reversed, and the cause remanded, with instructions to the court below to sustain the demurrer to the indictment.