## STATE v. ELLIS.

## STATE v. CONNER.

1. INDICTMENT; *For concealing death of bastard child.*
   An indictment for concealing the death of a bastard child must expressly and distinctly allege the child to be dead; but it need not state whether the child died before, at, or after its birth, nor how the mother endeavored to conceal its death.

APPEALS from *Carroll* Circuit Court.
Hon. J. M. PITTMAN, Circuit Judge.

*Moore, Att'y Gen'l*, for State.
The indictment is in the language of the statute and good. *Gantt's Dig., Sec.* 1275.

SMITH, J. These two indictments were, the one against the mother of a bastard child for endeavoring to conceal its death, and the other against an accessory for aiding

and abetting her.   The first charged that the defendant, " after having given birth to a bastard child, did feloniously and unlawfully conceal the death of said bastard child, so that its death might not come to light;" and in a second count that she did by the procurement and assistance of one A. W. Conner, feloniously and unlawfully, privately conceal the death of the issue of her said body, said issue then and there being a bastard, so that its death might not come to light" "The second indictment charged that Connor did unlawfully and feloniously assist and procure the said Mary Ellis to conceal privately, the death of said bastard child' which was the issue of her body, so that its death might not come to light." To both indictments demurrers were sustained, because the facts set forth do not constitute a public offence; the charge being vague, indefinite, uncertain and ambiguous.

According to all of the precedents and authorities, the indictment for this offence must expressly and distinctly allege the child to be dead, although it need not state whether it died before, at, or after its birth; nor in what manner, or by what acts the mother endeavored to conceal its death.   Here is no direct averment of the child's death, nor is its death noted, except in the averment of its concealment.   Nothing can be taken by intendment or by way of recital, to supply the want of certainty in an indictment.

*Bishop on Statutory Crimes*, Sec. 778; *Russell on Crimes*, 8 *Am. Ed.*, 574; *Douglass v. Commonwealth*, 2, *S. & R.*, 40.

Affirmed.