STATE v. GOVAN.

CRIMINAL LAW:   *Embezzlement by public officer.   Indictment.*

   An indictment against a county treasurer for embezzlement of public funds, must allege a settlement of his accounts by the county court, and a failure by him to pay over the amount found due.

APPEAL from *Lee* Circuit Court.
Hon. M. T. SANDERS, Judge.

*Dan W. Jones,* Attorney-General, for appellant.

The appellee was indicted under section 1643, Mansfield's Digest. The indictment fulfills every requirement of the said statute, but a demurrer to it was sustained because no offense was charged, and because the money was not sufficiently described.

The statute above cited certainly makes the acts charged an offense, and the statute is accurately followed by the indictment. The grand jury alleging that a more definite description of the money was not given, because unknown to them, covered any deficiency in that respect. *2 Bish. Crim. Pro., sec. 705.*

*John M. Hewitt* and *P. D. McColloch, Jr.,* for appellee.

The several charges against the defendant in the indictment are as follows:

*First Count.*—"That he did misapply and convert to his own use the sum of $6959.18 of United States currency, of said public funds, belonging to the county of Lee aforesaid, a more particular description of said public funds being to the grand jury unknown," etc.

*Second Count.*—"That he did use the said sum of $5147.18 of United States currency for his private purpose, a further and more particular description of said public funds being to the grand jury unknown," etc.

*Third Count.*—"That he did permit B. M. Govan and Sam Rothholz, merchants, doing business under the firm name of B M. Govan & Co., to use the said $5147.18, a further description of said funds being to the grand jury unknown," etc.

Defendant interposed a demurrer:

First—Because the indictment does not set forth facts sufficient to constitute a public offense.

Second—Because the indictment fails to describe the funds sufficiently.

The circuit court sustained the demurrer, and the state appeals.

Each of the three counts attempts to charge the same offense, and under the same statute.

Conceding that the defendant did do everything charged against him, in each and every count, it would not be sufficient to charge the offense of embezzlement under the statute.

Suppose the treasurer did use $6958.18 of the public funds in his own *private speculations*, yet, when called on for the money by warrant, or ordered to *pay over* by court, the money is forthcoming? Would that be embezzlement under the statute? The law clearly provides elsewhere for such an offense. See *Mansfield's Digest, sec. 5853*.

This statute was framed, not to punish the officer for *using* or *loaning* the funds, but to punish him, as a *felon*, for "*failing* or *omitting* to *pay over* what is *found due* by him on *settlement*," after having converted the funds.

"The failure to pay over the money found due, etc., is, without a good or satisfactory reason, evidence in proof of a conversion," etc. *State v. Hunnicut, 34 Ark., 562.*

An indictment to be good under this statute must charge, in addition to the *conversion*, a *failure* or *omission* to pay the *amount* found due by him on settlement; it must charge, in addition to the conversion, that a settlement was had; that the amount was found due; an order was made; and that the officer failed or omitted to pay over. *Henry Wood v. State, 47 Ark., 488.*

The indictment does not sufficiently *describe* the funds, nor does it allege the *value* of the funds. The court will not take judicial knowledge of the value. *State v. Thompson, 42 Ark., 517.*

COCKRILL, C. J.   Govan, who had been county treasurer of Lee county, was indicted for embezzling funds that came to his possession by virtue of his official employment. There were several counts in the indictment though only one offense was intended to be charged.   The first count was for converting the funds to his own use; the second, for using them for his private purpose, and a third, for permitting them to be used in the mercantile business of B. M. Govan & Co., a copartnership composed of B. M. Govan and another.   The indictment conformed to the language of the statute as to each of these specifications.   There was no allegation that a settlement of Govan's accounts as treasurer had been made by the county court, or that he had failed or omitted to pay an amount found due from him as treasurer by the court, and the indictment was dismissed upon demurrer.

The prosecution is under the act of July 9, 1868, as amended February 20, 1883.   The first section of the original act is as follows :   "Every officer of the state, city, county or township, who is or has been employed in the collection of the public revenue, or who has any public funds in his hands, and who has converted to his own use or otherwise misapplied any part of the money or funds collected by him, or which may have come to his possession by virtue of his employment, and every such officer who shall fail or omit to pay the amount due from him upon settlement directed in this act by the judges of the county court, shall, on conviction, be fined not less than $500, and be imprisoned in the penitentiary not less than one year, nor more than five."   *Gantt's Digest, sec. 1371.*

The subsequent sections confer upon the county courts the power to cause settlements to be made by officers holding the public revenue, and make it the duty of the court, or its clerk, to report to the grand jury any unpaid balance

*1. Indictment for embezzlement by public officer.*

that is found due from any such officer; and the grand jury is directed to investigate the matter, and to indict the officer for embezzlement if the facts justify it.

The amendment, or rather the act as amended, is entitled, "An act for the better protection of the public revenue," and is as follows: "Every officer of the state, county, city, incorporated town or township, who has taken an oath of office, as required by law, employed in the collection of the public revenue, or who may have any public funds in his hands, who shall convert the same to his own use, or use it in any manner for his private purposes, or shall loan, or permit any other person to use, or otherwise misapply, any part of the money or funds so collected by him, or which may have come to his possession by virtue of his employment, and every such officer who shall fail or omit to pay the amount found due by him upon settlement, shall be deemed guilty of a felony, and, on conviction thereof, shall be imprisoned in the penitentiary not less than five (5) nor more than twenty-one years (21) years." *Mansfield's Digest, sec. 1643.*

Prior to the passage of this amendment it had been ruled by this court in Hunnicut's case, in *35 Ark., 562,* that that portion of the act which declares that "every officer who shall fail or omit to pay the amount found due by him upon setttlement, shall be guilty of a felony," did not of itself create an offense. It was there declared that an indictment under the original act which alleged a settlement of the officer's accounts by the county court, and a failure by him to comply therewith, but which charged no misapplication of the funds, charged no offense. There is nothing in the amendment to affect this construction.

The question now is whether the misapplication without the judicial ascertainment of a balance due, is an offense.

We think the case above quoted answers the question in the negative. The clause of the statute relative to the settlement and failure to pay the amount found due, must be read as coupled with each of those that precede it, otherwise, according to that case, it is left without force in the statute. The phrase, "every such officer," in this clause must refer then to one of the officers named, who has converted the public funds to his own use, used them for his private purpose, permitted others to so use them, or misapplied them in some other manner.

It would certainly be competent for the legislature to make it embezzlement for any officer to use public funds in his private business, or to misappropriate them in any way, whether he should afterwards settle his accounts or not. But the purpose of this act seems to have been to protect the revenue, as the title of the amendment declares, rather than to punish the offender.

Other enactments provide for removal from office and the recovery of penalties for any misuse of the public funds, whether they are restored by the officer or not. (*Mansfield's Digest, secs. 5892, 5853.*) But the evident design of the statute against embezzlement is to give the delinquent the opportunity to escape the severer penalty by reimbursing the public, in compliance with the order of the court that settles his accounts before prosecution is begun against him.

The indictment was defective in not alleging a settlement of the treasurer's accounts, by the county court, and a failure by him to pay over the amount found due.

The judgment is affirmed.