# MARYLAND REPORTS.

## JANUARY TERM, A. D., 1887.

THE STATE OF MARYLAND *vs.* THOMAS F. NICHOL-
SON.

*Constitutional law—Imprisonment for Debt—Construction of
Act of 1872, Chapter 329, relating to Defaulting Collectors
of Taxes—Criminal pleading.*

The Act of 1872, chapter 329, provides "That if any collector shall ·
wilfully detain in his possession taxes collected by him, and neg-
lect to pay the same into the Treasury of the State for more than
sixty days after the day upon which it is made his duty to pay the
same, or if no particular day be appointed, shall neglect to pay the
same for the space of six months, he shall be deemed to be a de-
faulter, and upon conviction shall be imprisoned in the peniten-
tiary," &c.; "unless the amount for which he is a defaulter be
sooner paid." Upon demurrer to an indictment under this Act it
was HELD:

1st. That this Act is not in conflict with the Constitution of this
State which abolishes imprisonment for debt.

2nd. That it is no objection to the statute that, it provides, that upon
payment of the money for which he is in default, either before or
after conviction, such collector shall be discharged.

3rd. That it was unnecessary to aver in the indictment that the
money was still detained.

4th. That it was not necessary to aver in the indictment that the
traverser was "duly appointed" collector, &c.; the averment that
he was such collector being sufficient.

5th. That it was not necessary to aver that the taxes were levied by
the County Commissioners, or that the taxes were placed in the
· hands of the traverser for collection.

State *vs.* Nicholson.

Certainty to a certain intent in general, is all that is required in indictments; that is to say, the Court will presume in favor of the pleader every proposition which, by reasonable intendment, is impliedly included in the pleading, though not expressed.

Matter of defence need not be set forth in the indictment.

APPEAL as upon Writ of Error, from the Circuit Court for Charles County.

In this case there was a general demurrer to the indictment, and the Court entered a *pro forma* judgment on the demurrer for the defendant, and thereupon an appeal as upon writ of error, was taken by the State. The case is further stated in the opinion of the Court.

The cause was argued before ALVEY, C. J., YELLOTT, MILLER, ROBINSON, IRVING, and BRYAN, J.

*Charles B. Roberts, Attorney-General,* for the appellant.

*Daniel R. Magruder,* for the appellee.

ROBINSON, J., delivered the opinion of the Court.

The traverser, a collector of State and county taxes for Charles County, was indicted under the Act of 1872, chap. 329, which provides: That if any collector, shall wilfully detain in his possession taxes collected by him, and neglect to pay the same into the treasury of the State, for more than sixty days after the day upon which it is made his duty to pay the same, or if no particular day be appointed, shall neglect to pay the same for the space of six months, he shall be deemed to be a defaulter, and upon conviction shall be imprisoned in the penitentiary, &c., " unless the amount for which he is a defaulter be sooner paid."

In support of the demurrer it is argued in the first place, that the Act is in conflict with the Constitution of this State, which abolishes imprisonment for debt. There

is a broad distinction, however, between imprisonment for
debt within the meaning of the Constitution, and imprison-
ment for a breach of duty on the part of a public officer,
although such breach of duty may be the neglect or re-
fusal on his part to pay money received by him for the
use of the State.   Public officers were by the common
law indictable for *malfeasance* or *misfeasance* in office,
and although the Constitution abolishes imprisonment for
debt, this in no manner interferes with the power of the
Legislature to punish such offences by imprisonment or
otherwise as the public interests may require.

A collector of taxes is a *public officer*, whose duty it is
to collect the taxes and pay the same into the treasury of
the State, or to the parties entitled, and if he neglects to
discharge this duty, and appropriates to his own use the
money thus received by him as collector, the Legislature
has the power to declare such acts of *commission or omis-
sion* to be an offence punishable in such manner as it may
deem proper.   Any other construction would deprive the
Legislature of all power to punish defaulting officials for
the appropriation by them of money received and held in
trust for the State.   Nor is it any objection to the statute
that it provides, upon the payment of the money for
which he is in default either before or after conviction,
such collector shall be discharged, for the reason that the
Legislature has the right to prescribe the terms and con-
ditions upon which the punishment shall be imposed.
Passing then from these objections to the statute, we come
to the indictment, and this is said to be fatally defective,
because it does not charge that the traverser detained the
money six months after the same was collected by him.
According to our reading of the indictment, this is charged
in plain and explicit terms.   It avers that on the 2nd of
April, 1884, the traverser, as collector, received the sum
of fourteen hundred dollars on account of taxes due the
State, and that he did then and there unlawfully and wil-

fully detain the said sum in his possession, &c., and unlawfully, &c., did neglect to pay said sum into the treasury of the State, for the space of "*six months, after he,* the *said Thomas F. Nicholson, had so as aforesaid collected and received the said amount, &c.*" Here is an express averment that the traverser did detain in his possession, the money so collected by him for six months after it had been so collected. Now, *certainty, to a certain intent in general,* is all that is required in indictments, that is to say, the Court will presume in favor of the pleader, every proposition which by reasonable intendment is impliedly included in the pleading, though not expressed. *Archbold Crim. Plead., sec.* 44.

Then again, it is said, there is no averment that the money is still detained. This it was unnecessary to charge, for the reason, that if the money had been paid before or after the finding of the indictment, this was matter to be set up by way of defence. "It is a good general rule," says *Hawkins' Pleas, vol.* 2, *part* 2, *ch.* 25, *sec.* 112, "that every indictment must bring the defendant within all the descriptions mentioned in the body of the Act, except they are such as carry with them the bare denial of a matter, the affirmation whereof is a proper and rational plea for the defendant; as where it is enacted, 'that all persons having no reasonable excuse to be absent, shall go to their parish church, &c.,' in which case it is said, that it is not necessary to shew, that the defendant had no reasonable excuse, for this will come most properly in question from the plea of the defendant."

The rule thus laid down is fully sustained in *Rex vs. Baxter,* 5 *Term Rep.,* 83; *Rex vs. Pollard,* 2 *Lord Raymond,* 1370; 2 *Leonard,* 5. So here, if the traverser had paid the money, and it was no longer detained by him, this was matter of defence, and not necessary therefore to be set forth in the indictment.

The further objection that it does not aver that the traverser was duly appointed collector, is equally untenable.

State *vs.* Nicholson.

It does charge in express terms, that he was collector of State and county taxes for Charles County, and as such did collect the sum of fourteen hundred dollars on account of taxes due the State. This is all that is necessary. In *King vs. Holland*, 5 *Term Rep.*, 607, where the defendant was tried for *malfeasance* in office, as one of the counsellors of the East India Company, the information charged that the defendant was one of said counsellors, and acted as such. On demurrer it was argued in that case as in this, that the information ought to have averred that the defendant was duly appointed counsellor, but Lord KENYON held that it was sufficient to state generally that he was counsellor, and the objection was overruled.

For the same reason it was quite unnecessary to charge that the taxes were levied by the County Commissioners, or that the taxes were placed in the hands of the traverser for collection. The averment that he was collector of taxes, and as collector collected the taxes for the year 1883, fairly implies that the taxes were duly levied and placed in his hands for collection.

For these reasons the *pro forma* judgment on the demurrer will be reversed, and the cause remanded.

*Judgment reversed, and*
*cause remanded.*

(Decided 15th March, 1887.)