## DUNN *v*. STATE.

### Opinion delivered April 29, 1893.

*Indictment—Concealing death of bastard—Verdict.*

On indictment of a mother for concealing the death of a child, under section 1543 of Mansf. Dig., which provides that every mother guilty of the crime therein defined " shall suffer the same punishment as for manslaughter," a verdict that the mother was guilty of voluntary manslaughter is not responsive to the issue.

Error to Independence Circuit Court.

JAMES W. BUTLER, Judge.

*F. D. Fulkerson* for appellant.

1.   The statute does not make concealing the death of a bastard child manslaughter, but merely provides that the punishment shall be the same. Mansf. Dig. sec. 1543. No attempt is made to blend or merge the two crimes. Sec. 1544 provides that a conviction under sec. 1543 will not bar an indictment for murder. It was error to instruct the jury as to the law of manslaughter. 13 Ark. 168; 1 Bish. Cr. Law, 250.

2.   The defendant was indicted for a distinct statutory crime, and the verdict was for another distinct offense—hence not responsive to the issue.

*James P. Clarke*, Attorney General, for appellee.

Sec. 1543 merely prescribes the punishment, and does not confound or merge the offenses. 13 Ark. 168 is analogous in principle. See also 3 Wash. St. 390; 9 Met. 141; 132 Mass. 246; 1 Bish. Cr. Pr. sec. 1005. The object of the legislature was to prevent the *destruction* of bastard issue by mothers. The *corpus delicti* is concealing the death of a being upon which murder could have been committed. This is the construction put upon the statute 21 James I. See 4 Hawks, 350.; 57 Me. 30; 1 Bay, 167; 2 Ashm. 105; 1 Whart. Cr. Law, sec. 600.

COCKRILL, C. J. The appellant was indicted, under section 1543 Mansfield's Digest, for concealing the death of a bastard child. The court treated the indictment as charging the defendant with the crime of manslaughter, and the jury returned the following verdict: "We the jury find the defendant guilty of voluntary manslaughter and fix her punishment at two years in the State penitentiary." She was sentenced in accordance with the verdict.

The section under which the indictment was found comes from the Revised Statutes of 1838. That revision was not simply a collection of previous acts, but was itself an enactment by the legislature in the form presented by the publication. The syllabus, at the head of the chapter, which refers to this section, and which may be taken as in the nature of a title to the enactment, is as follows: "Mother concealing death of child to be adjudged guilty of manslaughter." The enactment itself does not contain that language, but the following: "Every such mother shall suffer the same punishment as for manslaughter." The statute was evidently taken, though not literally, from that of 21 Jac. 1, c. 27, which concluded as follows: "In every such case the said mother so offending shall suffer death, as in case of mur-

der, except etc." Bishop, Stat. Cr. sec. 764. The English courts held that this statute created no new offense, but only directed upon what evidence the mother might be convicted of murder under a common law indictment. 2 Hale's P. C. 289; *Ann Davis's case*, Kel. 32. The learned judge who tried this cause doubtless followed that analogy in treating the offense as a grade of homicide. But the statute does not declare that the offending mother shall be guilty of manslaughter, but only that she shall suffer punishment as for manslaughter. Section 1514, Mansfield's Digest, directs that the offense defined by the section under which the indictment is found is not to be regarded as a grade of homicide; for it declares that a conviction of the offense defined in the preceding section shall not bar a conviction for murder. But one who has been convicted of manslaughter cannot afterwards be legally convicted of any other grade of homicide growing out of the same death. It is not probable that the legislature intended to attempt a violation of that well established rule. We think the correct construction of the statute is that it defines a new offense. The gist of it lies, not in causing the child's death, but in concealing it. *State* v. *Ellis*, 43 Ark. 93.

If the mother has in fact killed her child, she may be indicted and punished for the homicide. The difficulty of proving the latter offense in such cases gave rise to the statute. Under the parent English statute the concealment of the death was legal proof of murder; under our statute it is itself a substantive statutory crime, as it is in many of the States—a misdemeanor in some, a felony in others.

The verdict is not responsive to the issue presented by the record, and there is nothing to support the judgment of conviction. Bishop, Cr. Pr. sec. 1005.

Reverse and remand for a new trial.