## WRIGHT vs UNITED STATES.

### Opinion delivered September 25, 1902.

1. *Criminal Law—Indictment—Surplusage—Concealing Death of Child.*

   An allegation in an indictment found under Sec. 1543 Mansf. Dig. (Sec. 886, Ind. Ter. Stat.) to the effect that the body of the child "was concealed in the woods" was properly treated as surplusage and an instruction that such fact must be proved was properly refused.

2. *Criminal Law—Practice—Time Allowed for Argument.*

   The time allowed for argument rests in the discretion of the court, and it is not such an abuse of this discretion as to be error, to limit the time to 20 minutes on a side where the facts are simple and the time allowed not wholly consumed.

Appeal from the United States Court for the Southern District.

HOSEA TOWNSEND, Judge.

Hattie Wright was convicted of concealing the death of a child, and appeals. Affirmed.

The appellant, Hattie Wright, was indicted and convicted for concealing the death of a bastard child. The indictment, among others, contains the following allegation: "And that the said Hattie Wright then and there unlawfully, willfully, and feloniously did endeavor privately to conceal the death of said child, that it might not come to light, by then and there unlawfully, feloniously, and secretly depositing the corpse of said child in the woods." On the trial the defendant requested the court to charge the jury as follows: "In order to convict, the government must show that the child was concealed in the woods, and satisfy your minds of that fact beyond a reasonable doubt." The instruction was refused, and exception saved. The only other exception in the record is that the court limited the time for argument to 20 minutes on a side, the defendant having been represented at the trial by two counsel.

*R. H. West* and *Cruce & Cruce*, for appellant.

*W. B. Johnson, J. W. Ownby,* and *J. E. Humphrey,* for the United States.

CLAYTON, J. The statute under which the indictment in this case is found (section 1543, Mansf. Dig. section 886, Ind. T. Ann. St. 1899 ), reads as follows: "If any woman shall endeavor privately, either by herself or the procurement of others, to conceal the death of any issue of her body; male or female, that it may not come to light, although it can not be proved that it was murdered, every such mother shall suffer," etc. The indictment followed the statute, and, in addition, alleged that the body was concealed in the woods. Clearly, this allegation as to where the body was concealed is surplusage. The gist of the offense consists in concealing the fact of the death. In the case of State vs Ellis, 43 Ark. 93, it is held: "According to all of the precedents

and authorities, the indictment for the offense  concealing death of child  must expressly and distinctly allege the child to be dead, although it need not state whether it died before, at, or after its birth, nor in what manner or by what acts the mother endeavored to conceal its death."   Unnecessary allegations, not descriptive of the offense charged, may be treated as immaterial, and pass unnoticed.    Whart. Cr. Ev. 109; 1 Bish. Cr. Proc. 478.    The allegation that the body was concealed in the woods is not descriptive of the offense, and the court properly treated it as surplusage, and the instruction was properly refused.

Exception is taken to the fact that the court allowed counsel for defendant but 20 minutes in which to argue their case. The time to be allowed for argument rests in the sound discretion of the court, and an abuse of this discretion is error.  1 Bish. Cr. Proc. 313.   In this case there were but four witnesses offered by the government, the defendant introducing no proof whatever. And the record further shows affirmatively that counsel for defendant did not consume the time actually allowed.   Had they done so, and then requested the court for further time, it would probably have been granted.  We think, however, in view of the large volume of business before the  trial courts, that in this case, where the facts were not complicated, and the testimony short and uncontradicted, the time given for argument was sufficient.

Finding no error in the proceedings below, the judgment is affirmed.