### DAVIS v. STATE.

#### Opinion delivered October 22, 1906.

1. EMBEZZLEMENT—BY CUSTODIAN OF PUBLIC FUNDS.—Under Kirby's Digest, § 1990, making it an indictable offense for an officer having custody of public funds to misappropriate them or "to wilfully fail or omit to pay over any such funds to his successor in office at the expiration of his term of office," it is an offense for an officer having custody of public funds (1) to misappropriate them, or (2) wilfully to fail to pay them over to his successor in office. (Page 312.)

2. TREASURER—FAILURE TO PAY OVER FUNDS TO SUCCESSOR.—An indictment of a county treasurer for failure to pay over public funds to his successor in office which alleges that on a certain date he had funds belonging to a school district, and that on a subsequent date when his term expired he failed to pay over such funds to his successor, is defective in failing to state that he had such funds when his term expired. (Page 313.)

Appeal from Polk Circuit Court; *S. A. Downs,* Special Judge; reversed.

*Pole McPhetridge* and *Hal L. Norwood,* for appellant.

1. The indictment is bad; the demurrer should have been sustained. Gantt's Dig. § 1371 as construed in 34 Ark. 562; Mansf. Dig. § 1643; Sand. & Hill's Dig. § 1715, Kirby's Digest, § 1842, as construed in 48 Ark. 76; Sand. & Hill's Dig. § 1849; Kirby's Digest, § 1990. A failure to pay over money to a successor alone is not an offense; he must have used the money for his own purpose, or permitted others to use it, etc. See, also, 60 Ark. p. 13.

2. Criminal statutes are strictly construed. 38 Ark. 521. No case can, by construction, be brought within a penal statute, unless completely within its words, and every reasonable doubt about its meaning should be resolved in favor of accused. 53 Ark. 336; 2 Bish. Cr. Law, § 331.

The indictment does not allege that appellant had, in his hands, any fund due the school district. Kirby's Digest, § 2227; 33 Ark. 566; 26 *Id.* 323; 38 *Id.* 519; 77 S. W. 473; 113 Fed. 852.

*Robert L. Rogers, Attorney General* and *G. W. Hendricks,* for appellee.

1. The objections to the introduction of the records is trivial. They were public records, identified and introduced by their legal custodian. 1 Elliott on Ev. § 406; Greenleaf on Ev. § 485.

2. The indictment is good; it charges that he unlawfully, etc., failed, etc., to pay over money *in his custody, i. e.,* in his hands. This is sufficient under our statutes.

McCULLOCH, J. The appellant, A. J. Davis, was tried and convicted under an indictment charging him with having failed and omitted to pay over to his successor in office, as county treasurer, certain public funds.

The indictment is as follows: "The grand jury of Polk County, in the name and by authority of the State of Arkansas, accuse A. J. Davis of the crime of wilfully failing and omitting to pay over public funds and moneys in his hands as county treasurer to W. B. Jones, his successor in office, committed as follows, towit: The said A. J. Davis, in the county and State aforesaid, on the 10th day of September, 1902, when upon the 31st day of October, 1900, after having been duly elected, was qualified and acting county treasurer of Polk County, and having taken an oath of office as such treasurer, and being then and there, by virtue of his said office, a receiver of public funds and moneys due school district No. eight (No. 8), of said county, and then and there, by virtue of his said office as such treasurer, and having the custody and possession of a large sum of money and public funds, towit: two hundred and seven dollars and seventy-eight cents ($207.78) of gold, silver and paper money of the United States, and of the value thereof, the personal prop-

erty of the said school district No. eight (No. 8), of Polk County; and thereafter, towit: on the 17th day of September, 1902, his term of office as such treasurer having expired by reason of his resignation of said office of county treasurer, as aforesaid, W. B. Jones was appointed and qualified as his successor to said office upon the 20th day of September, 1902, he, the said A. J. Davis, with the felonious intent to cheat the said school district No. eight (No. 8) and the citizens thereof, unlawfully, feloniously and fraudulently, did then and there wilfully fail and omit to pay over to his said successor in office, at the expiration of his term of office, the said moneys and public funds aforesaid, against the peace and dignity of the State of Arkansas."

The defendant demurred to the indictment, and the demurrer was overruled by the court.

Does the indictment charge the commission of a public offense?

The statute under which the charge is preferred is as follows: "It shall be unlawful for any officer of this State, or of any county, township, city, or incorporated town in this State, or any deputy, clerk or other person employed by any such officer, having the custody or possession of any public funds, by virtue of his office of employment, to use any of such funds in any manner whatsoever for his own purpose or benefit, or to loan any of such funds to any person or corporation whomsoever or whatsoever, or to permit any person or corporation whomsoever or whatsoever to use any of such funds, or to pay or deliver any such funds to any person or corporation, knowing that he is not entitled to receive it, or for any such officer to wilfully fail or omit to pay over any such funds to his successor in office at the expiration of his term of office." Kirby's Digest, § 1990.

The first objection to the indictment urged by counsel for appellant is that it contains no allegations bringing the defendant within that part of the statute which provides that it shall be unlawful for any such officer to "use any of such funds in any manner whatsoever for his own use or benefit, or to loan any of such funds to any person or corporation whomsoever or whatsoever, or to permit any person or corporation whomsoever or whatsoever to use any such funds or to pay or deliver any such funds to any person or corporation, knowing that he is not en-

titled to receive them." It is contended that the statute does not make it an offense for a public officer merely to wilfully fail to pay over funds in his hands to his successor unless he shall have misappropriated the funds or allowed them to be misappropriated.

This court in *State* v. *Hunnicutt,* 34 Ark. 562, construing a statute similar to this except that it used the words *"and* for any such officer" instead of *"or* for any such officer," held that an indictment which accused the defendant of having failed to pay over public money in his hands, without alleging that he converted or misapplied the same, did not charge an offense under the statute.

In *State* v. *Govan,* 48 Ark. 76, the court held that an allegation of misappropriation of public funds by an officer, without alleging that he failed to pay over on settlement, did not state an offense.

The statute upon which the indictment in this case is founded was enacted in 1891, after the decision in the Govan and Hunnicutt cases, and worked a substantial change in the law. It was the manifest intention of the lawmakers to make it an offense for any officer having the custody of public funds by virtue of his office "to wilfully fail or omit to pay over any such funds to his successor in office at the expiration of his term of office." It is not material whether he had previously misapplied the funds or permitted them to be misapplied. His wilful failure to pay over the funds to his successor is of itself a wrongful misappropriation of public funds in his hands.

The indictment must, however, allege either a misappropriation of the funds or a wilful failure on the part of the accused to pay over to his successor funds in his hands at the expiration of his term of office. It is not sufficient to allege merely that he failed to pay over funds which had previously come to his hands, as this alone does not constitute an offense. Now, the indictment against appellant charges neither that he misappropriated the public funds which came into his possession nor that he had the funds on hand at the expiration of his term of office. It alleges that on September 10, 1902, he had in his custody certain funds belonging to a school district of the county, and that thereafter on the 17th day of September, 1902, his term expired,

and that he did feloniously, etc., fail to pay over the funds to his successor at the expiration of his term. From an allegation that he had the funds in his hands on September 10, 1902, we can not presume that he still had them on hand a week later when his term expired. He might have lawfully paid out the funds in the meantime, or he might have lost them in a way that would leave him civilly responsible for the same, but not criminally liable under this statute.

Nothing can be presumed as to the material facts necessary to constitute an offense. Every material fact necessary to constitute an offense must be stated with reasonable distinctness and precision in the indictment. *State* v. *Eldridge,* 12 Ark. 608; *Barton* v. *State,* 29 Ark. 68; *State* v. *Graham,* 38 Ark. 519; *State* v. *Ellis,* 43 Ark. 93; *Elsey* v. *State,* 47 Ark. 575.

The demurrer to the indictment should have been sustained.

Reversed and remanded with directions to sustain the demurrer.