[No. 1176, February 25, 1907.]

TERRITORY OF NEW MEXICO, Appellant, v. ABRAN ABEYTA, Appellee.

### SYLLABUS (BY THE COURT).

A demurrer to an indictment against a county treasurer, charged with the embezzlement of public money, under section 1,125 of the Compiled Laws, 1897, is properly sustained,

Territory v. Abeyta.

where the indictment does not charge that the accused was not able to meet the demands of any person lawfully demanding the same.

Appeal from the District Court for Socorro County, before FRANK W. PARKER, Associate Justice. Affirmed.

W. C. REID, Attorney General, and R. C. GORTNER, for Appellant.

Joinder of counts in embezzlement and larceny is sanctioned by the authorities. 1 Bish. Crim. Pro. Sec. 449, sub. d. 3; Griffith v. State, 36 Ind. 406; Rex v. Johnson, 3 M. & S. 539; State v. Porter, 26 Mo. 201; State v. Mallon 75 Mo. 355; 1 Bish. Crim. Pro., Sec. 453.

That ownership is charged in the Territory, county and school fund is not fatal to the counts of the indictment. 1 Maclain Crim. Law, sec. 656; Brown v. State, 18 Ohio, St. 497; People v. Guerra, 31 Cal. 416; Dreyer v. People, 176 Ill. 590.

Clauses of Compiled Laws, 1897, Sec. 1125, are separate, Territory v. Hale, 81 Pac. Rep. 585; State v. Brandt, 41 Iowa, 593, not controlling; 7 Enc. Pl. & Pr. 438.

The charge "converted to his own use and embezzled," is sufficient statement of wrongful appropriation by the party to his own use. State v. Clarkson, 59 Mo. 152; U. S. v. Lancaster, 2 McLean 431; State v. Wolff, 34 La. An. 1153; Sanders v. State, 86 Ga. 717; Maloy v. Commissioners. 10 N. M., 638, distinguished.

DOUGHERTY and GRIFFITH, for Appellees.

Compiled Laws of 1897, section 1123, does not apply to a public officer. Territory v. Heacock, 5 N. M. 59.

Where the meaning of the statute is plain, it is the duty of the court to enforce it according to its obvious terms. Thornley v. United States, 113 U. S. 310; United States v. Wiltberger, 5 Wheat. 76; Johnson v. Southern Pacific R. R. Co., 117 Fed. 465; Swarts v. Siegel, 117 Fed. 13; Republica v. Weidle, 2 Dall. 88; United States v. Rees, 92 U. S. 214.

All facts constituting a crime must be specifically

alleged. Pettibone v. United States, 148 U. S. 202; United States v. Hees, 124 U. S. 486.

Under Compiled Laws of 1897, Sec. 1125, two things must unite to constitute the crime of embezzlement. (1) the conversion (2) not meeting a lawful demand. State v. Govan, 48 Ark. 76 (2 S. W. 349); Heningway v. State, 68 Miss. 401 (8 So. 317); State v. Brandt, 41 Iowa 600; State v. Parsons, 54 Iowa 505 (6 N. W. 249); State v. Adamson, 114 Ind. 216 (16 N. W. 181); Comm. v. Lewis, (Ky. 1889) 12 S. W. 266; Vol. 7 A. & E. Enc. Pl. and Prac. 442; State v. Hebel, 72 Ind. 361; State v. Hennicut, 34 Ark. 562; State v. Munch, 22 Minn. 67; Edelhoff v. State, 36 Pac. Rep. 627.

## OPINION OF THE COURT.

MILLS, C. J.—Appellee herein, Abran Abeyta, formerly treasurer and ex-officio collector of the County of Socorro, was indicted at the November Term, A. D. 1903, of the District Court sitting within and for that county, charged with having embezzled money belonging to the Territory of New Mexico, the County of Socorro, and the school funds of the County of Socorro. The indictment contained nine counts. A demurrer was interposed by the defendant to each and every count of the indictment, which demurrer was at first sustained as to counts two, four, six, seven, eight and nine of the indictment; and afterwards, as to counts one, three and five; and the indictment was quashed by the court. To the action of the court in sustaining the demurrer to counts one, three and five the Territory appealed.

The action of the court in sustaining the demurrer to the first, third and fifth counts of the indictment, is therefore all that we have to consider on this appeal, notwithstanding that in the brief filed in this case by appellant, some space is devoted to discussing the other counts of the indictment, which were quashed by the court, and from which no appeal was taken.

An examination of the indictment shows that the first, third and fifth counts differ only as to the allegations as to the ownership of the money charged to have been em-

bezzled.  The first count sets out that the money alleged to have been embezzled belonged to the Territory of New Mexico; the third that it belonged to the County of Socorro, and the fifth to the school funds of the County of Socorro.

The charging part of the first count of the indictment, reads as follows, to-wit:

"That Abran Abeyta, late of the County of Socorro, in the Territory of New Mexico, on the thirty-first day of December, in the year of Our Lord, one thousand nine hundred and two, at the County of Socorro, in the Territory of New Mexico aforesaid, was then and there the duly elected, qualified and acting treasurer and ex-officio collector for the said County of Socorro; and that he, the said Abran Abeyta, as such treasurer and ex-officio county collector, was then and there, by virtue of his said office, intrusted with the collection, safe keeping, receipt, disbursement and transfer of the taxes, revenue, fines and other moneys of the said County of Socorro and of the Territory of New Mexico; and that he, the said Abran Abeyta, then and there had in his possession, by virtue of his said office, a large sum of money, to-wit:  The sum of thirty thousand dollars, lawful money of the United States of America, belonging to the Territory of New Mexico aforesaid, of the value of thirty thousand dollars, a more particular description of which said sum of money is to the grand jurors unknown; and that he, the said Abran Abeyta, did then and there a part of the said taxes, revenue, fines and other moneys, intrusted to him by virtue of his office as aforesaid, to-wit:  The said sum of thirty thousand dollars, lawful money of the United States of America, belonging to the Territory of New Mexico as aforesaid, of the value of thirty thousand dollars, a more particular description of which said sum of money is to the grand jurors unknown, unlawfully, knowingly, wilfully, fraudulently and feloniously convert to his own use and embezzle, contrary to the form of the statute in such case made and provided, and against the peace and dignity of the Teritory of New Mexico."

It is conceded that the indictment was brought under

Section 1125 of the Compiled Laws of 1897, which section is as follows:

"If any person, having in his possession any money belonging to this Territory, or any county, precinct or city, or in which this Territory, or any collector or treasurer of any precinct or county, or the treasurer or disbursing officer of this Territory, or any other person holding an office under the laws of this Territory, to whom is intrusted by virtue of his office, or shall hereafter be intrusted with the collection, safe keeping, receipt, disbursement, or the transfer of any tax, revenue, fine or other money, shall convert to his own use in any way or manner whatever, any part of said money, or shall loan, with or without interest, any part of the money entrusted to his care as aforesaid, or wilfully neglect or refuse to pay over said money, or any part thereof, according to the provisions of law, so that he shall not be able to meet the demands of any person lawfully demanding the same, whether such demand be made before or after the expiration of his office, he shall be deemed and adjudged to be guilty of an embezzlement."

On page four of their brief counsel for appellee state that there are a number of objections which might be urged to the validity of the indictment, and which are raised by the demurrer, but that they only intend to brief one point, which they think to be sufficient, viz: "That the matters alleged do not constitute the crime of embezzlement because the indictment fails to charge that the defendant was not able to meet the demands of any person lawfully demanding the same." This will be the only point we will consider in determining this case.

The contention of appellant as stated in its brief is that the several clauses of the statute are separate, and that the words, "shall convert to his own use, in any way or manner whatever, any part of said money," "or shall loan, with or without interest, any part of the money," each constitute the crime of embezzlement, and need not be construed with the latter part of the statute, "so that he shall not be able to meet the demands of any person lawfully demanding the same."

We do not think that this position is tenable. It will be observed that each clause of the statute is separated by the disjunctive particle "or," except the last, which begins with the conjunctive "so," which in our opinion plainly shows that it was the intent of the legislature that the whole section be construed together.

In our opinion to constitute the crime of embezzlement under this statute, the money must be, (1) converted, by the person holding it, and (2) so that he shall not be able to meet the demands of any person lawfully demanding the same.

An examination of the indictment shows that it fails to contain the second of these necessary requirements. It sets up the conversion of the money by the appellee, but it nowhere states that the appellee was not able to and did not meet the demands of any person or persons, who lawfully demanded all or any part of said money so in his possession as treasurer of the County of Socorro. We do not believe that any one would seriously contend that if the treasurer of any county in this Territory should deposit in a private bank, to his credit as treasurer, the funds which he should collect, and a portion of the money so deposited was by the bank loaned out in the usual course of business, that the owner of such bank would be guilty of embezzling, if he was at all times prepared to and did meet the demands of any person lawfully demanding it, and yet such is the logical conclusion of the reasoning of the appellant, for the statute specifically applies to any person.

The legislature doubtless could have passed laws making the converting, using or loaning of public funds embezzlement, even if the officer so converting, using or loaning such public funds should afterwards replace such money and thus be "able to meet the demands of any person lawfully demanding the same," but from a reading of this statute it is evident that it has not done so.

This section of our laws is not "sui generis," for statutes of a similar nature have been passed by several of the states of the Union, and in some of those states judicial constructions have held that both the conversion, and the

not being able to meet the demands of any person lawfully demanding the same must concur, to constitute the crime, nor do we believe that any state which has a statute similar to ours has held otherwise.

An indictment or information against a custodian of public moneys should allege his failure to pay over or account for them. 15 Cyc. 524, citing State v. Gavan, 48 Ark. 76; State v. Herbert, 72 Ind. 361; State v. Parsons, 54 Iowa 405; State v. Brandt, 41 Iowa 593; State v. Nicholson, 67 Md. 1; Hemingway v. State, 68 Miss. 371; and the same doctrine is also announced in the State v. Adamson, 114 Ind. 216, which was an action against an administrator. In Comm. v. Lewis, 12 S. W. (Ky.) 266, the court says: "It seems to us, to make out the offense it is necessary to charge not merely that he has used the money for his own benefit, but has failed and refused to acount for or to pay it over at the time, in the manner and for the purpose required by law, for, while he stands bound and ready to do so when legally required, there cannot be an embezzlement." All of the authorities seem to us to be in favor of our sustaining the position taken by the learned judge below in quashing the indictment; and the judgment of the court below is therefore affirmed; and,

It is so ordered.

SYLLABUS (BY THE COURT).

