## McCool v. State.

### Opinion delivered September 26, 1921.

1. EMBEZZLEMENT—FAILURE OF OFFICER TO PAY OVER FUNDS.— An indictment which alleges a wilful failure of a county treasurer to pay over to his successor public funds of the county which came into his hands as such treasurer sufficiently alleges a wilful failure to pay over the county funds.

2. EMBEZZLEMENT—FAILURE TO PAY OVER FUNDS.— An indictment of a county treasurer for wilful failure to pay over county funds to his successor in office is defective in failing to allege that he had such funds when his term expired.

Appeal from Grant Circuit Court; *W. H. Evans,* Judge; reversed.

*D. E. Waddell, R. R. Posey* and *W. D. Brouse,* for appellant.

1. The indictment does not sufficiently describe the funds. It is not a description "in general terms" as is contemplated by the statute. C. & M. Digest, § 2836; *Id.* § 2832; *Id.* § 2835; 60 Ark. 13; 80 *Id;* 310; 99 *Id.* 32.

2.   It is defective also in that it fails to allege that the funds were in the care, etc., and under the control of the appellant, at the time it is alleged he failed to pay them over.   80 Ark. 310-313; 60 *Id.* 13.

3.   Instruction 1 given, was erroneous in failing to describe the funds and did not charge the jury that they must find that he had the funds in hand or under his control at the time alleged in the indictment.   63 Ark. 477; 102 *Id.* 205; *Arkansas Shortleaf Lumber Co.* v. *Wilkinson.*

4.   Instruction 3, being a mere copy of the statute, was abstract and misleading.   Cases *supra.*

5.   It was erroneous to refuse to instruct the jury not to consider testimony as to county court record made subsequent to Jan. 1, 1919.   99 Ark. 32.

6.   It was error to modify the 6th instruction requested by the defendant with reference to the demand, leaving the jury to speculate as to what was a proper demand.   83 Ark. 61; *Arkansas Shortleaf Lumber Co.* v. *Wilkinson,* 149 Ark. 270.

7.   Instruction 17 should have been given as asked. Modifying it so as to let in proof that defendant had in hand or under his control public funds prior to Jan. 1, 1919, was erroneous.   80 Ark. 310.

*J. S. Utley,* Attorney General, *Elbert Godwin* and *W. T. Hammock,* Assistants, for appellee.

1.   The indictment follows the statutes and properly alleges all the essentials of the crime.   C. & M. Dig. §§ 2832, 2835, 2836.   It charges but one offense.   No election as to counts required.   50 Ark. 305; 60 *Id.* 13; 99 *Id.* 32.   It is sufficient in alleging failure to pay over "public funds" of Grant County, without alleging the various classes of funds.   Statutes and cases *supra.*   The allegation "which had during his administration come to his hands as county treasurer, and which he had not lawfully paid out," sufficiently avers funds on hand Jan. 1, 1919.   80 Ark. 313.

2. Instruction 1 given by the court was correct, and clearly presented the issue as to public funds.

Instruction 3, a copy of the statute, § 2835, C. & M. Dig., was properly given in charge to the jury as a definition of the term "public funds." It does not come within the principle announced in 63 Ark. 477, cited by appellant.

There was no error in modifying appellant's requested instruction 6 with reference to the demand. Demand by the successor in office is not required. Moreover, the duty to pay over without demand is statutory. C. & M. Dig. §§ 1918, 2832. If demand is necessary, that must be made by citation. Id. §§ 1918, 10165 and 10166

HUMPHREYS, J. Appellant, ex-treasurer of Grant County, was indicted, tried and convicted in the Grant Circuit Court for wilfully failing, neglecting and refusing to pay over to his successor in office $7,404.04 of the public funds of Grant County, his penalty therefor being assessed at five years' imprisonment in the State penitentiary. The indictment, omitting the caption and signature, is as follows:

"The grand jury of Grant County, in the name and by the authority of the State of Arkansas, accuse E. E. McCool of the crime of failing to pay over public funds to his successor in office as county treasurer committed as follows, towit: The said E. E. McCool in the county and State aforesaid, on the 1st day of January, A. D. 1919, after having served and been the duly elected and legally qualified and acting county treasurer of Grant County, Arkansas, for three successive terms of office immediately before the said 1st day of January, 1919, and during that time had the care, custody, possession and control of the public funds of said Grant County in said State of Arkansas, and that on the 1st day of January, 1919, W. D. Mathews, after being legally elected and qualified as the successor in office as county treasurer of the said E. E. McCool and having legal authority to receive from E. E. McCool all public funds belonging to

Grant County which had been placed in the hands and possession of the said E. E. McCool as county treasurer, and after proper demand, that the said E. E. McCool did unlawfully and feloniously fail, neglect and refuse and did wilfully fail, neglect and refuse to pay over to the said W. D. Mathews as his successor in office $7,404.04 of the public funds of Grant County which had during his administration of said office come into his hands and possession as county treasurer, and which he had not lawfully paid out for the uses and purposes for which they were collected and placed in his hands and possession, but that the said E. E. McCool did unlawfully and feloniously misappropriate and embezzle the said public funds above mentioned, against the peace and dignity of the State of Arkansas.' '

Appellant demurred to the indictment upon the following grounds:

"*First.* That the statements of facts alleged in the indictment do not constitute a public offense.

· "*Second.* That if the indictment does charge facts which constitute a public offense, it charges more than one public offense.

"*Third.* That the indictment does not contain a statement of facts constituting an offense in ordinary and concise language in such manner as to enable a person of common understanding to know what is intended."

The court overruled the demurrer, holding that only one offense was charged in the indictment, to-wit, wilfully failing, neglecting and refusing to pay over public funds of Grant County to appellant's successor in office, and also holding that the indictment properly alleged all the essentials of the crime charged as specified in sections 2832, 2835 and 2836 of Crawford & Moses' Digest, under which the indictment was drawn. Exceptions were properly saved, and one purpose of this appeal is to challenge the ruling of the court as to the sufficiency of the indictment in charging a wilful failure to pay over public funds to appellant's successor in office. While the statutes re-

ferred to authorize charges of either embezzlement of, or a wilful failure to pay over, public funds, the Attorney General concedes that the indictment in question does not attempt to charge embezzlement of public funds, and, after a careful reading of it, we agree with him in this regard. The sole question, therefore, as to the sufficiency of the indictment is whether it contains the necessary essentials to charge a wilful failure or omission to pay over public funds of Grant County to appellant's successor in office. Appellant contends that the indictment is fatally defective for failing to describe the kind of public funds withheld. A particular description of the kind or denomination, date or number of the funds failed or omitted to be paid over to the successor in office by a retiring officer is not necessary, but a description in general terms is necessary under the provisions of section 2836 of Crawford & Moses' Digest. It must appear from the description what funds were intended, whether county funds, municipal funds, school funds, etc. The description of the funds in this indictment is insufficient as to all funds except the county funds. We think the designation in the indictment "public funds of Grant County" necessarily means "county funds," and is a sufficient classification of that particular fund.

The indictment, however, is fatally defective in another respect. It is not alleged that any county funds were in the possession or under the control of appellant at the time his term of office expired. The gist of the charge under the statute is a wilful failure to pay over public funds under any classification in the possession or under the control of the retiring officer. If the retiring officer had misappropriated the funds before the expiration of his term of office, he should have been indicted for misappropriation or embezzlement of such funds, and not for a failure or omission to pay them over at the expiration of the term of his office. So also, under the statutes made the basis of this indictment, an ex-officer could not be prosecuted criminally if robbed of the funds or if the

funds were innocently lost in some other way. In construing section 2832 of Crawford & Moses' Digest, upon which this indictment was founded, this court said, in the case of *Davis* v. *State*, 80 Ark. 310, that (quoting the second syllabus), "An indictment of a county treasurer for failure to pay over public funds to his successor in office which alleges that on a certain date he had funds belonging to a school district, and that on a subsequent date when his term expired he failed to pay over such funds to his successor, is defective in failing to state that he had such funds when his term expired."

Under the rule announced in that case, the demurrer to this indictment should have been sustained. In this view of the case, it is unnecessary to discuss whether the evidence was sufficient to sustain the verdict or the alleged errors in giving, refusing and modifying instructions.

For the error indicated, the judgment is reversed, and the cause remanded with directions to sustain the demurrer to the indictment.