Sook Washington prosecutes this appeal to reverse a judgment of conviction against her for the statutory crime of concealing the death of her bastard child.
The Attorney General confessed error.
The indictment was returned under 2365 of Crawford Moses' Digest, which, when construed in connection with the section following it, provides in effect that, if any woman conceals the death of her bastard child, she shall suffer the same punishment as for manslaughter.
The gist of the offense is the concealment of the death of the bastard child, and not the causing it; and the purpose of the statute is to make such concealment a crime, so that it may come to light whether or not the infant was born alive. Sullivan v. State, 36 Ark. 64; State v. Ellis, 43 Ark. 93; and Dunn v. State, 57 Ark. 560.
According to the evidence for the State, the defendant is an unmarried woman, and lived with her mother and father in Lafayette County, Arkansas, during the year 1925 and up to the time of the trial in February, 1926. She appeared to the witnesses to be pregnant, and was taken by one of them to be examined by a physician to ascertain whether or not she had been pregnant and had given birth to a child. The defendant told the physician that her baby was born dead, but she did not know what became of it. She said the child had been born two weeks before, at her mother's house in Lafayette County, Arkansas.
This evidence is not legally sufficient to support the verdict under the statute. It is necessary to show that the defendant gave birth to a bastard child, whether alive or dead at the time of its birth, and that she concealed its death.
The evidence for the State showed that the defendant was an unmarried woman, and her admission at the doctor's office, where she was taken for examination, was in the nature of a confession out of court. This testimony was not sufficient to convict the defendant, unless *Page 359 
it had been shown by other evidence that she had given birth to a child.
Hence there is no evidence in the record legally sufficient to establish the corpus delicti. In Reg v. Williams, 11 Cox's Crim. Cases, it is said that the dead body must be found and identified. The reason is that the bastard child of which the defendant is charged to have been delivered may be somewhere alive.
It follows that the judgment must be reversed, because the evidence is not legally sufficient to sustain the verdict, and the cause will be remanded for a new trial.