## STATE v. GRAHAM.

1. **INDICTMENT:** *Must allege the facts, not a conclusion of law.*
   An indictment must allege the special matter of the whole fact with such certainty that the offense may judicially appear to the court. It is not sufficient to charge a conclusion of law.

2. **SAME:** *Charging offense in language of the Statute.*
   It is sufficient, as a general rule, to charge a Statutory offense in the words of the Statute; but when a more prticular statement of the facts is necessary to set it forth with requisite certainty they must be averred.

3. **SAME:** *Charging officer with refusing to act on information.*
   An indictment against a justice of the peace for failing to proceed against one for carrying a pistol as a weapon, must allege that the justice had information of the offense from the oath of some person, or that he had personal knowledge of it.

4. **CRIMINAL STATUTES:** *Construed strictly. Pistol Act of 1875.*
   Criminal Statutes must be strictly construed, and no case brought by construction within a Statute unless it is completely within its words: and the Act of February 16th, 1875, imposing a penalty upon justices of the peace for failure to enforce its provisions against carrying arms, does not apply to mayors of towns.

APPEAL from *Izard* Circuit Court.

Hon. R. H. POWELL, Circuit Judge.

### STATEMENT.

At the June term, 1881, of the Circuit Court of Izard county, the following indictment was found against the appellee:

"STATE OF ARKANSAS
v.              } Indictment for non-feasance in office.
J. H. GRAHAM.

The grand jury of Izard county, in the name and by the authority of the State of Arkansas, accuse J. H. Graham of the crime of non-feasance in office, committed as follows, to-wit: The said J. H. Graham on the twelfth day of March, A. D. 1881, in the county and State aforesaid, then

and there being mayor of the incorporated town of Melbourne in said county and State, and having legal information that one W. P. Cook had committed the offense of carrying a pistol, as a weapon, within the incorporation of said town, unlawfully did fail to proceed against the said W. P. Cook, as required by law, against the peace and dignity of the State of Arkansas.''

The defendant demurred to the indictment for insufficiency. The demurrer was sustained and the State appealed.

*C. B. Moore*, Attorney-General, for appellant.

By *Act March 9th,* 1875, *sec.* 45, mayors of incorporated towns are given full powers and jurisdiction of a justice of the peace, and while acting in such capacity they are, to all intents and purposes, conservators or justices of the peace, in all matters civil or criminal, arising under the laws of this State. A mayor, by virtue of his office is, for the purpose of enforcing State laws, *a justice of the peace, and as such should be held to a strict account of his stewardship*, and by *Act of Feb.,* 16th, 1875, *sec.* 3, *p.* 156, is responsible for abuse of his high trust.

*J. L. Abernethy*, for appellee.

1.   The indictment does not specifically allege that Marshall was an incorporated town.

2.   It does not show in what manner the defendant failed to proceed against Cook.

3.   *Sec.* 3, *Acts* 1875, *p.* 156, only applies to justices of the peace. Criminal laws must be strictly construed.

4.   Officers of incorporated towns are not punishable by indictment in the Circuit Court for malfeasance, misfeasance or non-feasance in office. Such offenses are exclusively within the jurisdiction of the corporation.

5. The indictment is uncertain in this : it does not show whether defendant failed to proceed against Cook for an offense against the incorporation of Melbourne or against the State.

HARRISON, J. The indictment did not set forth the means by which the defendant was informed that Cook had committed the alleged offense. It merely charged a legal conclusion, without setting forth the facts from which it was drawn, or inferrable. An indictment should set forth the special matter of the whole fact, with such certainty that the offense may judicially appear to the court ; and it is not enough to charge a conclusion of law. 1 *Whar. Crim. Law*, sec. 285.

The indictment here, it is true, follows the language of the Statute, *Act of February* 16*th*, 1875, "to prohibit the carrying of side arms and other deadly weapons ;" and it is, as a general rule, sufficient to charge an officer created by Statute, in the words of the Statute, but the rule is subject to the qualification that where a more particular statement of facts is necessary to set it forth with requisite certainty, they must be averred. To set forth the offense with sufficient certainty and definiteness, if the defendant were subject to indictment under the Statute, it should have been charged that information of Cook's offense had been given him on the oath of some person, or that he had personal knowledge of it.

But we are of the opinion that, as the Statute only speaks of justices of the peace, it is in its application confined to them, and has no application to mayors of cities and towns, and that the defendant could not be indicted under it.

Criminal Statutes are to be strictly construed and no case is to be brought by construction within a Statute unless it is

completely within its words. HAWKINS says: "No parallel case, which comes within the same mischief, shall be construed to be within the purview of it (the Statute) unless it can be brought within the meaning of the words."
2 *Hawk., P. C.* 188, *sec.* 16. And BISHOP says: "If a case is fully within the mischief to be remedied, and is even of the same class, and within the same reason as other cases enumerated, still, if not within the words, construction will not be permitted to bring it within the Statute." *Bish. Stat. Crimes, sec.* 220.

The demurrer to the indictment was rightly sustained. Affirmed.