## GAGE. *v.* STATE.

### Opinion delivered December 23, 1899.

INDICTMENT—CERTAINTY.—Under the rule that nothing can be taken by intendment or by way of recital to supply the want of certainty in an indictment, an indictment which alleges that the accused, acting as agents and representing the Fire & Marine Insurance Company of West Virginia, unlawfully did insure buildings and receive a sum named therefor, when said company had not complied with the laws of the state in filing a bond, is defective in failing to allege directly that the Fire & Marine Insurance Company of West Virginia was an insurance company. (Page 309.)

Appeal from Prairie Circuit Court, Southern District.

T. P. ATKINS, Special Judge.

#### STATEMENT BY THE COURT.

The indictment in this case reads as follows: "The grand

jury of Arkansas county, in the name and by the authority of the State of Arkansas, accuses Irvin Bock and H. C. Gage of the crime of misdemeanor, committed as follows, to-wit: The said Irvin Bock and H. C. Gage, in the county and state aforesaid, on the 22d day of October, 1897, then and there acting as agents, and representing the Fire & Marine Insurance Company of West Virginia, unlawfully did insure buildings for Leon Katz, and receive money, to-wit, one hundred and seven and 50-100 dollars, from said Leon Katz, when he was soliciting said insurance, and gave insurance policy to the said Leon Katz, the said company, the Fire & Marine Insurance Company of West Virginia, had not complied with the laws of Arkansas, to-wit, had not executed bond as required by the laws of Arkansas, said bond had not been filed and approved by the auditor, and said acts of said agent was against the statutes in such cases made and provided; against the peace and dignity of the state of Arkansas."

To this indictment the defendant interposed a demurrer in short, which was overruled by the court. To this ruling of the court the defendant excepted.

A trial was had. Defendant was convicted and moved for a new trial. The motion was overruled, to which he excepted, and appealed to this court.

*Hill & Auten* and *W. J. DuVal*, for appellant.

The indictment should have alleged the existence of the insurance company, and the proof should have shown same. The conviction was invalid, for the reason that the record fails to show the election of the special judge.

*Jeff Davis, Attorney General*, and *Chas. Jacobson*, for appellee.

The indictment was sufficient. 16 Ark. 506. The question as to the election of the special judge cannot be raised, for the first time, on appeal. 6 Ark. 227; 19 Ark. 96; 25 Ark. 622.

HUGHES, J., (after stating the facts.) It will be observed that the indictment contains no direct allegation that the Fire & Marine Insurance Company of West Virginia was an insur-

ance company. Nothing can be taken by intendment, or by way of recital, to supply the want of certainty in the indict-ment. *State* v. *Ellis*, 43 Ark. 93. The judgment is reversed, and the cause remanded for further proceedings according to law.