St. Louis & San Francisco Railway Company *v.* State.     68  251|
75  282|

Opinion delivered June 9, 1900.

1.  RAILROADS—FURNISHING WAITING ROOMS—INDICTMENT.—An indictment of a railway company for failure to provide separate waiting rooms for the two races at a certain depot is defective if it fails to allege that defendant was carrying passengers, and that the alleged depot was a passenger depot. (Page 254.)

2.  INDICTMENT—SUFFICIENCY.—While it is sufficient, as a general rule, to

charge a statutory offense in the words of the statute, an indictment of a railway company, carrying passengers, for failure to provide separate waiting rooms at a passenger depot should allege a more particular description of the offense, as there are many ways in which it may be committed. (Page 254.)

3. SAME—MISJOINDER OF OFFENSES.—An indictment of a railway company carrying passengers for failure to provide separate waiting rooms for the two races at a passenger depot is improperly joined with an indictment of a station agent for failure to assign passengers to these waiting rooms according to race. (Page 255.)

4. SAME—ADMISSIBILITY OF EVIDENCE.—In a prosecution of a railway company for failure to provide separate waiting rooms for the two races at a passenger depot, defendant should have been allowed to show that it did not own or operate the road. (Page 255.)

Appeal from Sebastian Circuit Court.

STYLES T. ROWE, Judge.

### STATEMENT BY THE COURT.

Appellant was convicted under the following indictment:

"The grand jury of said court accuses said parties defendant of said crime, committed as follows, to-wit: Said parties defendant, in said county and district, on 30th May, 1899, said St. Louis & San Francisco Railway Company, being a corporation organized under the state laws of Missouri, and owning and operating a line of railway in Arkansas, and by Huntington, in the Greenwood district of Sebastian county, where a depot is owned and operated by said railway company, and said F. M. Richardson being the agent and employee of said railway company, at said Huntington depot, unlawfully did refuse to provide separate waiting rooms at said depot, of equal and sufficient accommodation for the white and African races of people, against the peace and dignity of the state of Arkansas. Jo Johnson, Prosecuting Attorney Twelfth Circuit."

A demurrer was filed to the indictment as follows: "First. That the St, Louis & San Francisco Railway Company is improperly joined with the defendant, F. M. Richardson. Second. The facts set forth in the indictment do not constitute a public offense. Third. The indictment attempts to include a charge against the railway company for failure to provide sufficient and separate accommodations for the white and African races,

and joins such charge with a charge against the alleged agent of the railway company for failure to assign passengers to the rooms used for the races to which such passengers belong, which is an improper joinder of offenses.    Fourth. It does not appear from the indictment whether it intended to charge the defendant railway company with entirely failing to furnish waiting rooms for the white and African races, or whether a waiting room of sufficient capacity was furnished for the whites and an insufficient one for the African race, or whether a sufficient one was furnished for the African and an insufficient one was furnished for the white race, or whether an insufficient one was furnished for both races, or in what respect the railway company has failed or neglected to discharge its duty.    Sixth.    It does not appear from said indictment that defendant railway company was carrying passengers in the state of Arkansas at the time of the alleged violation of law.    Seventh.    It is not alleged in said indictment that the defendant railway company had a passenger depot in the town of Huntington, Arkansas.    Eighth.    It is not shown by the indictment that the defendant railway company is not a street railway company."

The court overruled the demurrer.    The defendant was tried and convicted, and appealed to this court.

*L. F. Parker* and *B. R. Davidson*, for appellant

The indictment was not sufficient under Sand. & H. Dig., §§ 6219, 6220, and the motion in arrest should have been sustained; because:    (a)    There is no allegation that defendant railway company was carrying passengers in the state;    (b) nor that it had a passenger depot at Huntington (61 Ark. 9);    (c) the indictment fails to negative that defendant is a street railway (*cf.* Acts 1893, 290; 31 Ark. 408–411);    (d)    the indictment does not specify what crime defendant is charged with.    Since there are numerous ways in which the statute could be violated, an indictment, simply charging the offense in the language of the statute, is not sufficient.    11 Ark. 169; 47 Ark. 488–492; 62 Ark. 513; 37 Ark. 415; 38 Ark. 519; 27 Ark. 493; 37 Ark. 408.    Ownership of the premises, etc., by defendant being charged in the indictment, the state had it

to prove.   10 Ark. 259; 22 Ark. 251; 30 Ark. 131.   The court erred in refusing the tenth instruction asked by appellant. Hutch. Carr. §§ 114, 292, 610; 4 Elliott, Railroads, p. 2297 1497; *ib.* §§ 1470, 1575; 35 S. W. 626; 5 Ill. App. 201; 31 Ill. App. 36.

*Jeff Davis, Attorney General,* and *Chas. Jacobson,* for appellee.

The indictment charges the offense with sufficient particularity, and the evidence sustains the verdict.

HUGHES, J., (after stating the facts.)   The court is of the opinion that the demurrer to the indictment should have been sustained.   First, because it does not allege that the defendant railway company was carrying passengers in the state.   Second, the indictment does not charge that the defendant had a passenger depot at Huntington.

The statute under which this indictment was found provides that all railway companies carrying passengers in this state shall "provide separate waiting rooms of equal and sufficient accommodations for the two races at all their passenger depots in this state.   The foregoing section shall not apply to street railroads."   Sand. & H. Dig., §§ 6219, 6220. It is not clear from the indictment what criminal act the defendant is charged with.   We think there should have been a more particular description of the offense, as there are so many ways in which the statute may be violated, and to charge simply in the language of the statute in such cases would not be sufficient, as in ordinary cases.   It is sufficient, as a general rule, to charge a statutory offense in the words of the statute; but when a more particular statement of the facts is necessary to set it forth with requisite certainty, they must be averred. *Moffatt* v. *State,* 11 Ark. 169; *State* v. *Graham,* 38 Ark. 519.

Then it seems there is a misjoinder of parties by including the agent Richardson in the indictment.   It is made the duty of railway companies to provide separate waiting rooms, and for failure to do so the company is subject to indictment. Sand. & H. Dig., § 6219.   It is made the duty of the agent at the station to assign passengers, according to race, to these

waiting rooms, and for a failure to do so he is subject to indictment: Sand. & H. Dig., §§ 6224, 6227, 6228. These seem to be separate offenses.

Again, we think the defendant ought to have been allowed to show by evidence offered in the case, and excluded by the court, that it did not own and did not operate the road.

Reversed and remanded, with directions to sustain the de-murrer to the indictment.

BATTLE, J., absent.