CHOCTAW, OKLAHOMA & GULF RAILROAD COMPANY *v.* STATE.

Opinion delivered May 6, 1905.

1. RAILROAD—SEPARATE WAITING ROOMS—FAILURE TO FURNISH.—An indictment against a railroad company which alleges that the accused, owning a line of railroad, and maintaining a passenger depot at a certain place, and carrying passengers, unlawfully did fail and refuse to provide separate waiting rooms of equal and sufficient accommodations for the white and African races at their said passenger depot is defective in failing to state wherein the accommodations furnished were unequal and insufficient. (Page 281.)

2. SAME.—Under Kirby's Digest, § 6622, requiring railroad companies to furnish separate waiting rooms "of equal and sufficient accommobations" for the white and African races at all passenger depots, it is not necessary for a railroad company to furnish the same accommodations for each race, nor is it necessary that the waiting rooms be of the same dimensions; provided they are equal and sufficient. (Page 282.)

Appeal from Sebastian Circuit Court, Greenwood District.

STYLES T. ROWE, Judge.

Reversed.

*E. B. Peirce* and *T. S. Buzbee,* for appellants.

The indictment was not sufficient.  68 Ark. 251.  Penal statutes are to be strictly construed.  40 Ark. 97; 38 Ark. 511. The appellant was guilty of no offense.  61 Ark. 9; 79 S. W. 714.  A verdict should have been instructed for defendant.  5 Am. & Eng. R. Cas. (N. S.) 645.

*Robert L. Rogers, Attorney General,* for appellee.

The indictment sufficiently charged the offense.  18 Ark. 363; 19 Ark. 171, 587; 33 Ark. 140; 39 Ark. 216; 43 Ark. 178; 45 Ark. 173; 47 Ark. 188, 458.

BATTLE, J.  On the 6th day of January, 1904, the grand jury of Sebastian County returned an indictment against the Choctaw, Oklahoma & Gulf Railroad Company in words and figures as follows:

"The grand jury of Sebastian County for the Greenwood District thereof, in the manner and by the authority of the State of Arkansas, accuse the defendant, Choctaw, Oklahoma & Gulf Railroad Company, of the crime of misdemeanor, committed as follows, towit:  The said defendant, a corporation owning and operating a line of railroad running through the Greenwood District of Sebastian County, Arkansas, and maintaining a passenger depot at Hartford, in the county and district aforesaid, and carrying passengers therein, on or about the 1st day of June, 1903, unlawfully did fail and refuse to provide separate waiting rooms of equal and sufficient accommodations for the white and African races at their said passenger depot at Hartford, in the county and district aforesaid, the said railroad not then and there being a street railroad, against the peace and dignity of the State of Arkansas.

"BEN CRAVENS,
"*Prosecuting Attorney Twelfth Judicial District.*"

The defendant demurred to the indictment because the facts stated therein do not constitute a public offense.  The demurrer was overruled.  The defendant was tried and convicted, and appealed to this court.

This indictment was founded upon statutes which, so far as applicable to this case, are in the following words:

"Sec. 6622. All railway companies carrying passengers in this State shall provide   *   *   *   separate waiting rooms of equal and sufficient accommodations for the two races at all their passenger depots in this State.

"Sec. 6634. All persons who own or operate any line or lines of railroad in this State shall keep separate waiting rooms now provided· for in section 6622 in all depot buildings now erected, or that may hereafter be erected, for the accommodation of their passengers, open both day and night for the free and unrestrained use of their passengers. And said waiting rooms shall at all proper times and seasons be comfortably heated and at all times supplied with wholesome drinking water, and shall in all respects be kept and maintained in a sanitary and clean manner. Provided, however, that railroad lines running neither freight nor passenger trains 'over said lines after night shall be allowed to close their waiting rooms at 7 o'clock ·p. m., and open their waiting rooms to the public at six o'clock a. m.

"Sec. 6636. All railway companies that shall refuse and neglect to comply with the provisions and requirements of this act shall be deemed guilty of a misdemeanor, and shall, upon the conviction before any court of competent jurisdiction, be fined not less than one hundred dollars nor more than three hundred dollars, and every day or night that such railway company shall fail to comply with the provisions of this act shall be a separate offense," etc.

The indictment is ambiguous. Did it mean to say that the defendant failed and refused to provide separate waiting rooms for the white and African races at its passenger depot at Hartford? · If so, why did it say that it failed and refused to provide separate waiting rooms of equal and sufficient accommodations for the white and African races at its passenger depot at Hartford? If it meant to say that it failed to provide waiting rooms for both races, the use of the words, "of equal and sufficient accommodations," were unnecessary and meaningless. They were certainly used for some purpose, and we understand that purpose to be to show the kind or class of waiting rooms that were not furnished. It does not appear in the indictment that the waiting rooms provided for both races were of insufficient accommoda-

tions, or for which race the waiting room provided was not of sufficient accommodations; and it is not alleged wherein the accommodations were not sufficient or equal. "Sufficient" does not show what was meant by the use of that term. What one man or set of men might consider sufficient would not be so considered by another. The same may be said of the word "equal." The accommodations need not be the same; if as good, they would be equal within the meaning and spirit of the statute; its object being to prevent discrimination. In this sense one might consider accommodations equal when another would not. Hence it was necessary to allege in the indictment wherein the accommodations provided, if any, were not equal and sufficient. Until this is done, the defendant cannot know fully for what it is indicted. *Saint Louis & S. F. R. Co.* v. *State,* 68 Ark. 251.

The waiting rooms need not be of the same dimensions. The accommodations must be equal and sufficient. The rooms could be used by the defendant for other purposes when not needed by passengers, and it does not interfere with the exercise of their rights under the statutes.

The demurrer should have been sustained.

Reversed and remanded with instructions to the court to sustain the demurrer.

HILL, C. J., (dissenting.) This indictment contains the allegations the absence of which vitiated the indictment in *Saint Louis & S. F. R. Co.* v. *State,* 68 Ark. 251, and presents the charge in the exact language of the statute. The proper construction of the indictment is that it charges a failure to provide separate waiting rooms for the races, and the words, "of equal and sufficient accommodations," are descriptive of the rooms which should have been furnished and were not furnished, and that it should not be construed into a charge of a failure to furnish the various accommodations required in other sections of the act. The evidence on both sides was adduced to the issue whether the rooms were furnished, and the instructions were upon that issue. The indictment, being in the language of the statute and aptly charging the offense so clearly that all understood it, should not be, in my opinion, held bad.