## STATE *v.* LESTER.

### Opinion delivered March 21, 1910.

1. FALSE PRETENSES—SUFFICIENCY OF INDICTMENT.—An indictment for ob-taining money under false pretenses which alleges that defendant, who was doing business as the Lester Vehicle & Implement Company, falsely pretended to the prosecuting witness that he was worth $68,000, and thereby induced such witness to purchase certain shares of stock "in an Arkansas corporation," without showing any connec-tion between defendant or the Lester Vehicle & Implement Company and the unnamed Arkansas corporation, fails to state an offense. (Page 245.)

2. INDICTMENT—SUFFICIENCY.—Nothing can be taken by intendment in an indictment to supply the acts and facts necessary to constitute the crime sought to be charged. (Page 246.)

Appeal from Sebastian Circuit Court, Fort Smith District: *Daniel Hon,* Judge; affirmed.

### STATEMENT BY THE COURT.

The appellee was indicted as follows: "The grand jury of Sebastian County, for the Fort Smith District thereof, in the name and by the authority of the State of Arkansas, accuse the defendant, R. A. Lester, of the crime of false pretense, a felony, committed as follows, towit: the said defendant, in the county and district aforesaid, on the 10th day of January, 1907, designedly and with the fraudulent and felonious intent to cheat and defraud one J. F. O'Melia, falsely, fraudulently, designedly and feloniously pretend and represent unto the said J. F. O'Melia that the said R. A. Lester, who was then doing business as the Lester Vehicle & Implement Company, was solvent and had a net worth of $68,000, which said representation and statement was in writing and signed by said R. A. Lester, and is in words and figures following, towit:

" 'Resources and liabilities of the Lester Vehicle & Implement Company at the close of business December 1, 1906:

" 'Resources.

| | |
|---|---|
| Real Estate | $ 20,000.00 |
| Mdse. | 71,433.39 |
| Bills Rec. | 37,489.59 |
| Accts. Rec. | 11,391.59 |
| Prop. Acct. (consisting of cattle, horses, mules, wagons, harness and office fixtures) | 19,404.80 |
| Cash | 577.41 |
| " 'Total | $160,896.78 |

" 'Liabilities.

| | |
|---|---|
| Accts. pay. | $ 25,908.17 |
| Bills pay. | 65,421.14 |
| Net worth | 68,967.47 |
| " 'Total | $160,896.78 |

" 'Bills payable as shown above, payable about as follows:

Bills pay. to bank...............................$  9,500.00
Mdse. notes from Jan. 1, 1907 to Sept. 1, 1907......  20,000.00
From Sept. 1, 1907, to Jan. 1, 1908..............  15,000.00
From Jan. 1, 1908, to March 1, 1908..............   8,500.00
From March 1, 1908, to Jan. 1, 1909..............   6,421.14
Borrowed from B. & L. Ass'n. on real estate......   6,000.00

" 'Total  ...............................$ 65,421.14
" 'Total amount mdse. sold during year 1906.......$250,271.38

" 'The bills rec. mentioned above are title installment interest bearing notes taken for balance on farm machinery, buggies, wagons and live stock.  All merchandise notes given without interest.

" 'The above invoice taken and statement made by the undersigned, and is correct to the best of our knowledge and ability.

(Signed)  " 'R. A. Lester.
" 'T. B. Maris.
" 'C. S. Lugenbed."

"Thereby inducing the said J. F. O'Melia, he, the said J. F. O'Melia, relying on said statement and representations as true, to subscribe for and pay the sum of $1,500.00 for certain shares of stock in an Arkansas corporation, by means of which false and fraudulent representations so designedly made by the said R. A. Lester, he, the said R. A. Lester, did then and there designedly, fraudulently and feloniously obtain from him, the said J. F. O'Melia, gold, silver and paper money of the value of $1,500, the money and property of said J. F. O'Melia, then and there being, when in truth and in fact the said R. A. Lester, doing business as the Lester Vehicle & Implement Company, was not solvent, and did not have a net worth of $68,000, and that above written statement was not true and correct, and which said statement and representations were false, and the defendant well knew them to be false when he made them, against the peace and dignity of the State of Arkansas."

Appellee demurred to the indictment upon the grounds that the facts set forth therein did not constitute a public offense. The said demurrer was sustained by the court over the objections of the appellant, who prayed an appeal.  The appeal was

granted, and the cause is now before this court to review the
action of the lower court in passing upon the demurrer to the
indictment.

*Hal L. Norwood,* Attorney General, and *William H. Rector,*
Assistant, for appellant.

All of the material elements comprising the offense were
alleged in the indictment. It is not necessary in an indictment
for false pretense to allege all of the facts and circumstances
of the transaction. 1 Cox, Crim. Rep. 244; 34 N. Y. 351; 115
Mass. 481; 88 Ark. 203; 17 Tex. App. 213; 25 O. St. 217; 34
La. Ann. 1219; 116 Mass. 89; 105 Ia. 169; 133 Ind. 297.

*Read & McDonough,* and *Hill, Brizzolara & Fitzhugh,* for
appellee.

The indictment is deficient in that it does not set out the
three constituent elements of the crime. Kirby's Dig., § 1689.

WOOD, J., (after stating the facts). Section 1689 of Kirby's
Digest is as follows: "Every person who, with intent to defraud
or cheat another, shall designedly, by color of any false token
or writing, or by any other false pretense, * * * obtain from
any person any money, * * * upon conviction thereof shall
be deemed guilty of larceny and punished accordingly."

No allegation is contained in the indictment showing that
appellee or the Lester Vehicle & Implement Company was in
any manner connected with the "Arkansas corporation," for
whose shares of stock O'Melia subscribed and paid $1,500.
There is no allegation that the Lester Vehicle & Implement Com-
pany was the Arkansas Company whose stock it is alleged
O'Melia subscribed for and obtained by the payment of $1,500
to appellee. It is not alleged that appellee owned any shares
of stock in the "Arkansas corporation," that he was an officer
or agent of the corporation, or in any manner authorized to
represent it in the sale of its stock. Without some such con-
nection being alleged, the indictment does not charge the of-
fense of obtaining money under false pretense. A general al-
legation is not sufficient. The facts constituting in law the
offense must be alleged. If not alleged, they cannot be proved.
In the absence of an allegation showing the connection between
the Lester Vehicle & Implement Company, appellee, and the
"Arkansas corporation," it is impossible to see how any false

representation of appellee with reference to the financial stand-ing of the Lester Vehicle & Implement Company was calculated to and did induce O'Melia to purchase stock in some Arkansas corporation unnamed in the indictment. Nothing can be taken by intendment to supply the acts and facts necessary to consti-tute the crime with which it is sought to charge the accused. *Barton v. State,* 29 Ark. 68; *State v. Ellis,* 43 Ark. 93; *State v. Graham,* 38 Ark. 519. See also *Gage v. State,* 67 Ark. 308.

The ruling of the court sustaining the demurrer was cor-rect.

Affirm.