HOLLAND *v.* STATE.

Opinion delivered February 2, 1914.

1. PANDERING—INDICTMENT—DUPLICITY.—An indictment under Act. No. 105, p. 408, Acts 1913, which charges that defendant "did unlaw-

fully and feloniously, by promises, threats * * * inveigle, entice, * * * one C to come into this State for the purpose of sexual intercourse * * * ," follows the language of the Statute and does not set forth more than one offense. (Page 217.)

2. INDICTMENT—FOLLOWING LANGUAGE OF STATUTE—SUFFICIENCY.—An indictment is sufficient which charges an offense in the language of the statute, where the language apprises the accused of the particular act he is charged with having committed. (Page 217.)

3. INDICTMENT—FOLLOWING LANGUAGE OF STATUTE—SUFFICIENCY.—It is ordinarily sufficient to charge a statutory offense in the words of the statute which creates it; but that rule is subject to the qualification that when a more particular statement of the facts is necessary to set it forth with requisite certainty, they must be averred. (Page 218.)

4. PANDERING—EVIDENCE OF ACTS DONE IN ANOTHER STATE—ADMISSIBILITY.—The gist of the crime of pandering consists of enticing, persuading, encouraging or procuring the woman, by promises, etc., to come into this State, for the purpose of having sexual intercourse, and evidence of the conduct of defendant, charged with that crime, and of his communications and relations with the woman in another State, is competent for the purpose of showing the method and means by which he brought the woman into the State. (Page 218.)

5. PANDERING—EVIDENCE—TESTIMONY OF WIFE—ADMISSIBILITY.—Under Act 105, p. 411, Acts 1913, the injured female, although she has married the accused, may testify as to any transaction or as to any conversation with the accused, and she may testify concerning all of defendant's acts and conduct in his communication and association with her from the time they first began to correspond, up to and including their marriage. (Page 219.)

6. TRIAL—ARGUMENT OF COUNSEL.—Argument of prosecuting attorney in trial under an indictment for crime of pandering, *held* not prejudicial. (Page 220.)

Appeal from Polk Circuit Court; *Jefferson T. Cowling*, Judge; affirmed.

*Elmer J. Lundy*, for appellant.

1. The indictment is demurrable. The language of the act is not sufficient; the facts should be set out so defendant could know what to answer. 38 Ark. 543; *Ib.* 519; 68 Ark. 251; 58 *Id.* 35; 80 *Id.* 310; 94 *Id.* 245.

2. The prosecuting attorney's remarks were prejudicial. 70 N. E. 27; 67 *Id.* 183; 74 Ark. 256; 38 Cyc. 1476.

3. The letters evidence of wife were incompetent under the act.

4. The crime, if committed, was committed in Oklahoma, out of the jurisdiction of the court. 23 Ark. 156; 54 *Id.* 371; 32 *Id.* 565; 30 *Id.* 41; 46 Fed. 653; 22 S. W. 463; 115 Mo. 480; Bish. on Stat. Crimes (2 ed.), § 640; 74 S. W. 369, 12 S. W. 247; 105 N. W. 838; 142 Mich. 531.

*Wm. L. Moose,* Attorney General, and *Jno. P. Streepey,* Assistant, for appellee.

1. The indictment follows the language of the statute. *Boyle* v. *State,* 110 Ark. 318; 167 Ill. App. 557; *Brown* v. *State,* 109 Ark. 373.

2. There was no prejudice in the prosecuting attorney's remarks in his opening statement.

3. The letters were competent and relevant. *Boyle* v. *State,* 110 Ark. 318; Acts 1913, No. 106, § 7. So was her evidence. *Ib.*

4. There is no error in the court's charge.

McCULLOCH, C. J. Appellant was convicted of the crime of pandering as defined in a statute enacted by the General Assembly of 1913, which reads, in part, as follows:

"Any person who by promises, threats, violence, by any device or scheme, by fraud or artifice, or by duress of person or goods, or by use of any position of confidence or authority, or having legal charge, shall take, place, harbor, inveigle, entice, persuade, encourage or procure any female person to enter any place within this State in which prostitution is practiced, encouraged or allowed, for the purpose of prostitution, or not being her husband, for the purpose of sexual intercourse, or to inveigle, entice, persuade, encourage or procure any female person to come into this State or to leave this State for the purpose of prostitution, or not being her husband, for the purpose of sexual intercourse." Acts 1913, page 408.

The offense is charged in the indictment in the following language:

"The said J. R. Holland on the 25th day of August, in the county and State aforesaid, did unlawfully and

feloniously, by promises, threats, violence, devices and schemes, fraud and artifice, duress of person and goods and the use of his position of confidence and authority, inveigle, entice, persuade, encourage and procure one Norma Cantrell to come into this State for the purpose of sexual intercourse, the said J. R. Holland not being then and there the husband of said Norma Cantrell, against the peace," etc.

There was a demurrer to the indictment, which the court overruled, and that ruling of the court is assigned as error.

The charge in the indictment is founded, as will be observed, upon the latter clause of the portion of the act quoted above, and the indictment follows closely the language of the statute.

Under a proper interpretation of the statute, the clause making it an offense to "inveigle, entice, persuade, encourage or procure any female person to come into this State or to leave this State" for the purpose of prostitution, or for the purpose of sexual intercourse, where the marriage relation does not subsist, is limited by the preceding phrase, "any person who by promises, threats, violence, by any device or scheme, by fraud or artifice, or by duress of person or goods, or by use of any position of confidence or authority, or having legal charge."

The words just quoted, when taken together, constitute one offense, but provide several modes by which it may be committed, and the indictment, in following the language of the statute, does not set forth more than one offense. *Keoun v. State,* 64 Ark. 231; *Grant v. State,* 70 Ark. 290.

Nor do we think the indictment was faulty in failing to describe the offense with more particularity than by following the language of the statute. It is ordinarily sufficient to charge a statutory offense in the words of the statute which creates it; but that rule is subject to the qualification that "when a more particular statement of the facts is necessary to set it forth with requisite

certainty they must be averred.'' *State* v. *Graham*, 38 Ark. 519; *St. Louis & S. F. Rd. Co.* v. *State*, 68 Ark. 251.

In this case, however, the language of the statute itself is sufficient to describe the offense with certainty, for the charge, as couched in the language of the statute, apprises the accused of the particular act he is alleged to have committed.

It is next contended that the court erred in permitting the introduction in evidence of letters written by appellant to the injured female which were written before they came into the State, and also in permitting other conduct of the appellant committed in another State to be introduced in evidence.

The letters written by appellant and his other conduct related to the inducement to the injured female, and tended to establish the inducement under which the female was brought into the State, which constituted one of the essential elements of the offense. The relation between the parties arose by correspondence between appellant and the woman while he was at Bentonville and Rogers, in this State, and the woman lived in Missouri. She was induced to come to Siloam Springs, Arkansas, under the promise set forth in the letters that appellant would employ her as a musician in his picture show. Appellant met her at Siloam Springs, and, after installing her at a hotel, induced her to yield to his embraces, and, either at that time or subsequently, promised to marry her. They went from there to a point in the State of Oklahoma, and thence to Mena, in Polk County, Arkansas, where this offense is alleged to have been committed. They remained at Mena a few days, the woman all the while insisting upon intermarriage, and appellant, as the evidence tends to show, attempting to evade, or to postpone, the marriage. He finally attempted to desert the woman at Mena and made his escape from the town, but was arrested and brought back, and then married her.

The conviction depends largely upon the testimony

of the woman, who, at the time of the trial, was appellant's wife.

It is insisted that testimony as to what took place in another county in this State, and also in the State of Oklahoma, tended to establish a crime committed beyond the jurisdiction of the Polk Circuit Court and was, therefore, inadmissible.

The trial court, in admitting the testimony, expressly limited it to the purpose of showing the circumstances under which appellant brought the woman into this State. We think that the trial court was correct in its ruling. The gist of the offense consisted in enticing, persuading, encouraging, or procuring the woman, by promises, device, fraud or artifice, etc., to come into this State, for the purpose of having sexual intercourse, and the conduct of appellant and his communications and relations with the woman in another State were competent for the purpose of showing the method and means by which he brought the woman into the State. The offense was complete when he brought her into the State for the purpose named and under the influences of the promises, etc., set forth. In other words, the offense consisted, not in the doing of those things in another State or jurisdiction, but in bringing the woman into the State for the purposes named and under those influences. The instructions of the court on those questions were entirely correct.

The statute provides that the injured female "shall be a competent witness in any prosecution under this act to testify for or against the accused as to any transaction or as to any conversation with the accused or by him with another person or persons in her presence, notwithstanding her having married the accused before or after the violation of any of the provisions of this act, whether called as a witness during the existence of the marriage or after its dissolution." Acts 1913, page 411.

The language of the statute is very broad and allows the witness to testify "as to any transaction or as to any conversation with the accused," and is, we think, broad

enough to cover all the lines of testimony brought out from the witness in this case. She testified concerning all of the defendant's acts and conduct in his communication and association with her from the time they first began to correspond up to and including the marriage in Mena after having remained there and occupying a room together without being married. There is nothing in the testimony, we think, that is not within the language of the statute limiting the scope of the wife's testimony in such a case.

Objection is made to certain remarks of the prosecuting attorney in his opening statement to the jury. Appellant objected to the remarks and asked that the jury be discharged and a new panel ordered.

The remarks related to appellant's conduct while in Mena and illustrated to some extent his bearing toward the woman in holding himself out as a man of large affairs and of wealth, which was one of the inducing causes of the establishment of the relations between them. We find nothing prejudicial in the remarks. Nor is there any prejudicial error in the record so far as we can discover. The judgment is, therefore, affirmed.