CLEVENGER v. STATE.

Opinion delivered October 14, 1918.

1. BANKS AND BANKING—INDICTMENT—FALSE ENTRY ON BANK BOOKS.—Under the rule that a statutory offense may be charged in the words of the statute unless a more particular statement of facts is necessary to make the charge definite and certain, an indictment for causing to be made a false entry on the books of a certain bank is sufficient under Acts 1913, p. 462, though it fails to set forth specifically the act of the accused which caused the cashier of the bank to make the false entry.

2. CRIMINAL LAW—CORROBORATION OF ACCOMPLICE.—Evidence *held* to corroborate sufficiently the testimony of an accomplice tending to prove defendant's guilt.

Appeal from Little River Circuit Court; *J. S. Lake,* Judge; affirmed.

*W. S. Coblentz* and *Harry H. Myers,* for appellant.

1. The indictment should have been quashed on demurrer. It fails to allege that defendant was present in person or constructively; it fails to charge defendant as principal accessory before the fact or as accomplice and fails to specify by what manner or means defendant *caused* the alleged false entries to be made, or what influence or power was used, or that the cashier was under defendant's power, authority or orders, etc.

Every material fact must be alleged. Nothing can be taken by intendment or by way of recital to supply the want of certainty. 43 Ark. 93; 94 *Id.* 242; 84 *Id.* 136; 12 *Id.* 608; 29 *Id.* 68; 38 *Id.* 519; 43 *Id.* 93; 111 *Id.* 214. The indictment is not sufficiently definite and certain. 68 Ark. 251; 86 Pac. 747; 3 R. C. L. 514; 23 L. R. A. (N. S.) ......; 92 Fed. 542; 34 Fed. 26; 6 Col. 207; 13 Ind. 427; 34 *Id.* 543; 36 Pac. 58; 11 S. W. 264; 44 N. C. 432; 104 *Id.* 887; 11 Oh. 282; 11 Oh. Dec. 900; 13 Tex. 282; 27 Ark. 493.

See also 94 Fed. 291; 98 *Id.* 291; 157 U. S. 286; 85 Fed. 210.

2. The indictment fails to allege where the said bank was located, or that it was within the jurisdiction of the court. 34 Ark. 321.

3. Irrelevant and incompetent testimony was admitted. Womack was an accomplice and there was no corroboration of his testimony. Kirby's Dig., § 2384; 52 Ark. 187; 130 *Id.* 353; 36 *Id.* 117; 58 *Id.* 353; 63 *Id.* 310; 120 *Id.* 148.

4. The closing argument of the State's attorney was prejudicial. 110 Ark. 538; 99 *Id.* 558; 107 *Id.* 469; 48 *Id.* 106; 58 *Id.* 473; 70 *Id.* 305; 58 *Id.* 353; 61 *Id.* 138; 70 *Id.* 306; 65 *Id.* 626; 76 N. W. 462.

5. There is error in the court's instructions. 13 Enc. Pl. & Pr. 994; 168 S. W. 129; 84 Ark. 136; 130 *Id.* 353.

*John D. Arbuckle,* Attorney General, and *T. W. Campbell,* Assistant, for appellee.

1. The demurrer was properly overruled. The indictment follows the language of the act. Acts 1913, No.

113, § 24. It contains every element of the offense denounced by the act and sets out the details. 111 Ark. 214; 107 *Id.* 33; 120 *Id.* 450; 100 *Id.* 409, 414; 62 Ark. L. Rep. 363; 3 R. C. L. § 142; 156 U. S. 432; 96 *Id.* 360.

2. There was no error in the admission of testimony. The testimony of Mrs. Womack, Causey and others corroborated Womack. But appellant made no objections in the trial court. 52 Ark. 180; 76 *Id.* 276.

3. Womack was corroborated by circumstantial evidence. 52 Ark. 180; 80 *Id.* 490; 64 *Id.* 247; 86 *Id.* 23.

4. The remarks of the prosecuting attorney do not justify a reversal. The remarks were withdrawn from the jury and no exceptions were saved to them. 73 Ark. 407.

5. There is no error in the instructions. But defendant saved no exceptions. 26 Ark. 334; 25 *Id.* 380; 191 S. W. 910. The evidence justifies the verdict.

McCULLOCH, C. J. Appellant was convicted on an indictment charging him with the statutory offense of causing to be made a false entry on the books of a certain bank. The indictment (omitting caption) reads as follows:

"The said W. E. Clevenger, in the county and State aforesaid, on the 31st day of March, 1917, did unlawfully, knowingly, wilfully and feloniously cause one W. W. Womack, the said W. W. Womack then and there being cashier of the Farmers' & Merchants' Bank, a banking corporation organized and existing under the laws of the State of Arkansas, and the said W. W. Womack then and there having custody and control of the current ledger, a book of said bank, and the property of said bank, as aforesaid, to make a certain false entry on said current ledger by making the account of the said W. E. Clevenger on said ledger show a credit of $77.59 of the value of $77.59, when, in fact, the said W. E. Clevenger and the account of the said W. E. Clevenger was not entitled to said credit and said entry was false and known to be false by the said W. E. Clevenger at the time, the truth being

that at said time the said W. E. Clevenger and the account of the said W. E. Clevenger at said bank was overdrawn in the sum of $29,442.59, and the false entry so made and caused to be made by the said W. E. Clevenger on said current ledger as aforesaid was done with the felonious and unlawful intent to deceive the commissioner, the bank examiner, and the stockholders of said bank, against the peace and dignity of the State of Arkansas."

There was a demurrer to the indictment on the ground that it is not specifically set forth therein the act of the accused which caused the cashier of the bank to make the false entry, and that it is essential to set forth the facts in detail in order to put the accused on notice of the charge. The statute under which the indictment was framed reads as follows:

"Section 24. Any person or persons who shall knowingly and wilfully subscribe to, or make, or cause to be made, any false statement or false entry in the books of any bank, or shall knowingly subscribe to or exhibit false papers, with the intent to deceive the commissioner or the examiner, or shall make or publish any false statement concerning the assets, liabilities, or affairs thereof, or shall bribe, or attempt to bribe, or offer any gratuity to the commissioner or any examiner, shall be deemed guilty of a felony, and upon conviction, shall be imprisoned in the penitentiary for not less than three years, nor more than ten years." Acts of 1913, p. 462.

The rule is that a statutory offense may be charged in the words of the statute which creates the offense unless a more particular statement of facts is necessary to make the charge definite and certain. *Holland* v. *State,* 111 Ark. 214, and cases cited. We are of the opinion that under the present statute it is sufficient to confine the charge to the language of the statute itself. That was the holding of the Supreme Court of the United States in passing upon the sufficiency of an indictment based upon a somewhat similar Federal statute. *Coffin* v. *United States,* 156 U. S. 432.

The conviction of appellant rested principally upon the testimony of Womack, the bank cashier, who was an accomplice, and it is contended that the evidence is not sufficient to sustain the judgment of conviction in that there was no corroborating testimony. Appellant was not an officer or an employee of the bank, and his sole relation with the bank was that of depositor. His business with the bank began in the autumn of 1913, and continued up to the time the bank failed in June, 1917. Appellant's account with the bank was largely overdrawn as early as February, 1916, and was in that condition continuously up to the time the bank failed. The proof shows that in February, 1916, his account was overdrawn $5,335.28, and increased from month to month until March, 1917, when the overdraft reached the sum of $29,442.59. There is evidence to the effect that it increased after that time, and that when the bank failed his overdraft was considerably over $30,000. The books of the bank were, however, kept in a falsified condition so as to conceal the overdraft. At one time when the overdraft was considerably over $20,000, appellant's pass book was falsified so as to eliminate $20,000 of the overdraft, and merely show the amount of the overdraft in excess of $20,000. The testimony shows that this particular transaction was to conceal from appellant's own bookkeeper the evidence of the overdraft. The cashier kept in his possession privately the deposit slips and the checks of appellant so that he could ascertain at any time the true condition of the account, and during the latter part of March, 1917, the cashier, with the assistance of appellant, checked up the items so as to ascertain the true condition of the account, and appellant was aware of the fact that his account was very largely overdrawn. The item of falsification set forth in the indictment was an entry on the ledger of the bank showing a credit of $77.59, which appeared to be the balance, when in truth there was no balance at all due him, and, on the contrary, there was an overdraft of $29,442.59. The entry on the ledger was made on March 31, 1917, at

the time the computation of appellant's account was made by him and the cashier, and the entry was made in his presence showing a balance of $77.59.

These facts are brought out in the testimony of Womack, the cashier, but it was shown by the testimony of other witnesses that on the day the bank failed appellant admitted to the witnesses that he had assisted Womack in making up the statement as to the true condition of his account, and that he knew that there was a large overdraft at that time. The proof shows that he admitted also that $20,000 of his overdraft had been left off of his pass book. Womack's wife testified that appellant agreed to make good the shortage so as to protect the cashier from liability, and admitted that he was the one who had gotten the money from the bank. We think this was sufficient corroboration to sustain the conviction, for it shows a guilty knowledge on the part of appellant that his accounts with the bank were being falsified.

There is no testimony, other than that of Womack, concerning the particular false entry set forth in the indictment, but the corroborating testimony is sufficient to show that there were continuous false entries for several years concealing the true condition of appellant's account, and that he must have known that the account was being falsified. The very fact that he assisted in making up the account from the deposit slips and checks held by the cashier shows that he was aware of the fact that the bank's books did not show the true condition of the account.

Objection was made to certain remarks of the State's counsel in closing the case before the jury, but the record shows that the objectionable remarks were excluded by the court from the consideration of the jury.

Other assignments of error are not of sufficient importance to discuss. Affirmed.