## MYERS *v.* STATE.

### Opinion delivered April 13, 1925.

1. BANKS AND BANKING—RECEIVING DEPOSITS IN INSOLVENT BANK—INDICTMENT.—Where an indictment of a bank president for receiving a deposit while the bank was insolvent alleged that the check deposited was one circulating as money but did not mention the name of the depositor, it will not be presumed that the payee of the check made the deposit.

2. INDICTMENT AND INFORMATION—INTENDMENT.—Nothing can be taken by intendment in an indictment; on the contrary, the material elements of an offense must be stated with reasonable certainty.

3. INDICTMENT AND INFORMATION—STATUTORY OFFENSES.—To the general rule that it is sufficient to charge a statutory offense in the language of the statute there is an exception in cases where a more particular statement of the facts is necessary to set forth the offense with requisite certainty.

4. BANKS AND BANKING—INSOLVENCY—RECEIPT OF DEPOSITS.—In an indictment of a bank president for assenting to the receipt of a deposit in an insolvent bank, it is necessary to describe the deposit and name the depositor.

Appeal from Polk Circuit Court; *B. E. Isbell,* Jugde; reversed.

*Norwood & Alley,* for appellant.

*H. W. Applegate,* Attorney General, and *John L. Carter,* Assistant, for appellee.

McCulloch, C. J. Appellant was convicted of the crime of assenting to the receipt of deposits in an insolvent bank, the indictment (omitting caption) reading as follows: "The said D. E. Myers, in the county and State aforesaid, on the 16th day of October, 1923, being then and there president of the Bank of Hatfield, a banking corporation, doing business at Hatfield, Arkansas, did unlawfully, knowingly and feloniously permit, connive at

and assent to the receipt on deposit in said Bank of Hatfield a certain check circulating as money, given by the T. M. Dover Mercantile Company, a corporation, in favor of the Watkins Lumber & Mercantile Company, a corporation, in the sum of $1,818.60, and of the value of $1,818.60, and said check being drawn on said Bank of Hatfield, and deposited in the said Bank of Hatfield, the said D. E. Myers then and there well knowing said bank to be insolvent and in a failing condition, against the peace and dignity of the State of Arkansas.'' There was a demurrer to the indictment on the ground that it was defective in failing to state the name of the person or corporation from whom the deposit was received. The court overruled the demurrer, and, as before stated, the trial on the indictment resulted in appellant's conviction. The ruling of the court on the demurrer constitutes the principal assignment of error on this appeal.

The statute under which the indictment was preferred reads as follows:

''It shall be a crime for any president, director, manager, cashier or other officer or employee of any bank, or member of a firm, after having had knowledge of the fact that it is insolvent, or in a failing condition, to assent to the reception of any deposits or the creation of any debts by it. And if any such officer, employee, member of firm or individual shall knowingly receive a deposit or cause a debt to be created, or assent thereto, or in any manner is accessory to such crime, he shall be guilty of a felony, and, upon conviction, shall be punished by imprisonment in the penitentiary for not less than one year.'' Crawford & Moses' Digest, § 697.

It will be observed that the indictment does not directly mention the name of the depositor, but it is contended by the Attorney General that the language is sufficient to indicate by necessary inference that the payee of the check which was deposited was the depositor thereof. We do not agree with this contention, for the

fact that an ordinary check is deposited in a bank does not imply that the deposit was made by the payee. The language of the indictment in fact negatives this inference by the affirmative statement that the check was one which circulates as money. No presumption can therefore be indulged that the payee of the check deposited it. Nothing can be taken by intendment in an indictment, but, on the contrary, the material elements of an offense must be stated with reasonable certainty. *State* v. *Lester,* 94 Ark. 242.

The next question arising is whether or not it is essential in an indictment for this offense that the name of the depositor should be stated. The offense attempted to be charged in the indictment is purely a statutory one, and the general rule is that it is sufficient to charge a statutory offense in the language of the statute which declares it. But we have consistently adhered to an exception to this general rule in cases where a more particular statement of the facts is necessary to set forth the offense with requisite certainty. *State* v. *Graham,* 38 Ark. 519; *Boles* v. *State,* 58 Ark. 35; *St. Louis-San Francisco Ry. Co.* v. *State,* 68 Ark. 251; *Holland* v. *State,* 111 Ark. 214; *Clevenger* v. *State,* 136 Ark. 46; *State* v. *Western Union Tel. Co.,* 160 Ark. 444. The present instance falls, we think, within the exception to the general rule. It is not sufficient merely to charge in the language of the statute that the accused assented to the reception of the deposit after having had knowledge of the fact that the bank was insolvent. In order to put the accused on defense, the kind of deposit should be described and the name of the depositor should be stated. It is unnecessary to determine in this case whether or not each deposit constitutes a separate offense; but we are of the opinion that the indictment should apprise the accused of the name of the depositor, so as to put him upon notice of the particular charge which he is called on to meet.

The indictment in this case is therefore insufficient, and the judgment is reversed and the cause remanded, with directions to sustain the demurrer.